### SOLOMON DOWNER v. CLARK CHAMBERLIN.

A plea in bankruptcy, in which the defendant alleges the decree, by which he was declared a bankrupt, and his subsequent discharge and certificate, is sufficient, under the act of Congress of 1841, establishing a uniform system of bankruptcy throughout the United States, without setting forth the proceedings had to entitle the defendant to his discharge and certificate.

The allegation, in such plea, of those facts, which tend to show that the district court had jurisdiction, that the plaintiff's demand was of a character to become barred under the statute and accrued before the defendant was decreed a bankrupt, and that ninety days elapsed between the decree of bankruptcy and the allowance of the discharge and certificate, is not a recital of the proceedings leading to the final discharge, and is not inconsistent with its character as a general plea.

Such plea should conclude with a verification.

DEBT on Judgment. The defendant pleaded as follows:

"And now the said Clark Chamberlin, the defendant, comes and 'defends &c., when &c., and for plea says, that the said plaintiff 'ought not to have or maintain his aforesaid action thereof against 'him, because he says, that at the time of rendering the said sup- 'posed judgment in the plaintiff's declaration mentioned, to wit, on 'the second day of December, 1837, if any such was ever rend- 'ered, he, the defendant, then was and ever since that time has been 'a citizen of and resided in the state of Vermont, one of the United 'States of America, and that the said supposed debt, in the declara- 'tion mentioned, was not created in consequence of any defalcation 'as a public officer, or as an executor, administrator, guardian, or 'trustee, or while acting in any other fiduciary capacity, and that 'after the rendering the said supposed judgment, in the declaration 'mentioned, on the time last aforesaid, he, the defendant, became a 'bankrupt, within the true intent and meaning of the act of Con- 'gress, entitled ' an act to establish a uniform system of bankruptcy 'throughout the United States,' (approved August 19, 1841,) and 'that, to wit, on the twenty fourth day of May, 1842, he the said 'defendant was, by the district court of the United States for the 'district of Vermont, at a session thereof held at Windsor in said 'district on the day and year last aforesaid, regularly declared and 'decreed a bankrupt, according to the true intent and meaning of 'the act of Congress aforesaid. And the said defendant avers, that 'the said supposed judgment, in the declaration mentioned, if any 'such there be, was rendered long before the defendant so became 'a bankrupt as aforesaid, and was proveable under said bankruptcy

' against him, the said defendant; and that afterwards, to wit, on
' the first day of September, 1842, at Montpelier in said district of
' Vermont, he, the said defendant, was, by order and decree of said
' district court, duly discharged of and from all debts owing by him
' and proveable under said bankruptcy, among which debts was the
' one named and counted upon in the plaintiff's said declaration;
' all which by the files and records of said district court, true and
' attested copies of which are here ready in court to be shown, will
' more fully appear. And the said district court, at the time and
' place last aforesaid, farther ordered, that the said defendant be al-
' lowed his certificate of discharge, as aforesaid; which certificate
' was duly issued to the said defendant, and he brings the same into
' court here, duly executed and certified;—by all which the said
' supposed judgment in the said declaration mentioned, if any such
' there be, became and was and now is wholly discharged, vacated
' and annulled, to wit, on the said first day of September, 1842.
' And this the said defendant is ready to verify; wherefore he prays
' judgment, if the plaintiff ought to have or maintain his aforesaid
' action thereof against him, and for his costs."

To this plea the plaintiff demurred, and assigned, as special
causes of demurrer,—1, That the defendant had not, in his plea,
stated, that he applied to the district court for the benefit of the act
of Congress therein named, nor that any proceedings were had in
said court, previous to the defendant's being decreed a bankrupt,
nor whether he was so decreed upon his own motion, or upon that
of his creditor, or of some other person;—2, That it was not stated
in the plea, that the defendant surrendered all or any part of his
property to the assignee in bankruptcy, for the benefit of the defend-
ant's creditors; nor that the defendant had complied with all, or
any, of the rules and orders of the district court; nor that any pro-
ceedings were had, from the time the defendant was decreed a bank-
rupt to the time he was discharged; nor that any notice was given
to the creditors; nor that more than ninety days had elapsed, after
the defendant was decreed a bankrupt, before he was discharged;—
3, That the plea was concluded with a verification.

The county court, November Term, 1847,—KELLOGG, J., pre-
siding,—adjudged the plea sufficient. Exceptions by plaintiff.

*Tracy & Converse* and *A. P. Hunton* for plaintiff.

The plea in bar is insufficient;—1. Because the defendant has
therein undertaken to set forth such facts, as will show, that his dis-

charge was properly granted to him, and has failed to do so. The facts omitted were material and necessary to his discharge. Act of Congress of 1841, sec. 1–4. 3 Chit. Pl. 913. *Miles* v. *Williams et ux.*, 1 P. Wms. 249. 2. Because the plea is not, and cannot by any intendment be made, a plea of the discharge and certificate merely, for this, that matters preliminary to the discharge are set forth, which, being material, cannot be rejected as surplusage ; and they are also so connected with the statement of the discharge, that they cannot be separated. They are at least pertinent. 3. Because, if the plea is general, it should have concluded to the country. 1 Chit. Pl. 590. *White* v. *Combes et al.*, 1 Lil. Ent. 106. 3 Went. 188, and note (*b.*) The plaintiff could not have replied specially. 3 Chit. Pl. 912, and note (*m.*) *Wilson* v. *Kemp*, 2 M. & S. 549. *Hughes* v. *Morley*, 1 B. & A. 22. The English statute gives a general form of pleading. 5 Geo. II., ch. 30, § 7. *Tower* v. *Cameron et al.*, 6 East 413. If the right exist here, it is by virtue of the statute, and the same rule should apply. If the statute do not give the right, the plea is bad. *Charlton* v. *King*, 4 T. R. 156. *Paris* v. *Salkeld*, 2 Wils. 139. Com. 205.

*R. Walker* and *O. P. Chandler* for defendant.

1. The *discharge* is the gist of the plea, and is properly pleaded. The plea does not purport to set forth the defendant's proceedings in bankruptcy; nor is it necessary so to plead. The proceedings of the district court should be presumed to have been correct. Act of Congress of 1841, sec. 4.

2. The plea is properly concluded, for the reason that it introduces new matter. *Joslyn* v. *Tracy*, 19 Vt. 571. Story's Pl. 50. 1 Chit. Pl. 590. The exception to this rule of pleading bankruptcy, under the English bankrupt law, was required by the very terms of the English statute, and in no way controls the form of pleading under the act of Congress of 1841. 1 Chit. Pl. 590. 4 T. R. 157.

The opinion of the court was delivered by

ROYCE, Ch. J. The causes of demurrer may be comprised in the following objections to the plea. It is first objected, that the plea does not set forth the proceedings had to entitle the defendant to his discharge and certificate. A party relying upon this kind of defence

is certainly at liberty to set out the proceedings in his plea. And if he attempt to do so, none of the legal requisites can safely be omitted. But the act of Congress evidently intended to *authorize* a general plea of the discharge and certificate only. It says, that "such discharge and certificate shall and may be pleaded as a full and complete bar to all suits, brought in any court of judicature whatever, and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached," &c. This is as much as to say, that proper averments, showing the discharge and certificate, shall be sufficient in the first instance, without being fortified by a statement in the plea of antecedent proceedings.

It is urged, 'however, that, at least, the defendant's petition, or that of his creditors, should have been alleged, in order to show, that the district court acquired jurisdiction of the case. It is true, that, as the jurisdiction was special, and not exercised according to the course of common law, the ordinary principles of pleading would require the petition and all the other proceedings to be alleged in the plea. But we think it was sufficient, in pleading under the words of the statute above recited, to allege the decree, by which the defendant was declared a bankrupt, and his subsequent discharge and certificate. Whenever a national statute of bankruptcy is in force, the United States courts have the entire jurisdiction of that subject. They exercise no powers, which the state courts could at the same time exercise, but they act independently and finally, and are in no sense to be regarded as subordinate or inferior courts. The statute should therefore be construed, as having enabled the party to count directly upon the judgment and acts of the district court, in allowing the discharge and certificate, as he might do upon the judgment of any other superior court.

Again, it is insisted, that this is not a general plea under the statute, if such a plea should be deemed admissible; but that it contains a partial and imperfect statement of proceedings prior to the discharge, and for that reason is defective. We regard it, however, as nothing more than a general plea. Not a single act of the bankrupt is mentioned. And the allegation of those facts, which tended to show, that the district court for this state had jurisdiction,—that the plaintiff's demand was of a character to become barred under

53

the statute, and accrued before the defendant was decreed a bankrupt,—and that full ninety days elapsed between the decree of bankruptcy and the allowance of the discharge and certificate, is surely no recital of proceedings leading to the final discharge.

We also consider, that the plea was properly concluded with a verification. The conclusion of a plea in bar to the country is in direct opposition to the theory of pleading, and can only be accounted for, in the English practice, by recurrence to their statutes, (especially the 5th Geo. II, c. 30, § 7,) which have provided a form for pleading this matter of defence. But the general plea given by those statutes varies essentially from the one authorized by the late act of Congress. The former is simply required to allege, that, after the cause of action accrued, and before suit brought, the defendant became a bankrupt, within the meaning of the several statutes, &c. 2 Chit. Pl. 475. The plea is not based upon any judicial act, or determination, nor is it designed to relieve the defendant from proving his whole case, except as he may use the certificate as evidence of his having conformed to the statute requirements. The object is not to ease the defendant, but to save the plaintiff from the necessity of abridging his grounds of objection by a special replication. *Miles* v. *Williams*, 1 P. Wms. 258, 259. *Harris* v. *James*, 9 East 82. In all this the language, as well as the apparent intention, of the act of Congress is different. The discharge and certificate are constituted the subject matter of the plea, and are declared to be a perfect bar, until impeached. Nor is there any ground for supposing, that the defendant was expected to prove more in the outset, to support his plea, than he was bound to allege. But it might work the grossest injustice, if the defendant, in a case of this kind, were at all events to succeed upon merely proving the discharge and certificate; or even upon proving them accompanied with proof of antecedent proceedings, apparently regular, in the district court. The party may still have been guilty of that fraud upon the statute, which should vitiate the whole defence. And hence the necessity of leaving the plea open to an answer on the part of the plaintiff.

Judgment of county court affirmed.