J. Warren Bailey's Admx. v. H. Clay Gleason.

May Term, 1902.

Present: Rowell, C. J., Tyler, Munson, Watson, Stafford, and Haselton, JJ.

Opinion filed December 8, 1903.

*Discharge in Bankruptcy—Plea of—Necessary Allegations.*

In pleading a discharge in bankruptcy granted under the U. S. Bankruptcy Act 1898, it is not necessary to allege the facts which gave the United States District Court jurisdiction of the subject matter, or of the parties.

When the declaration counts upon a debt *prima facie* provable under the U. S. Bankruptcy Act 1898, a plea of a discharge under said Act need not state that such debt is provable.

When a declaration counts upon a debt *prima facie* provable under the U. S. Bankruptcy Act 1898, which excepts from the operation of the discharge certain classes of provable debts, a plea of a discharge under said Act need not negative such exceptions. That is matter of replication.

Though the declaration counts upon a debt *prima facie* provable under the U. S. Bankruptcy Act 1898, a plea of a discharge under said Act must state that such debt was duly scheduled, or that the creditor had notice of the bankruptcy proceedings.

Special Assumpsit against the defendant as surviving partner of Ambro Hildreth, deceased, upon a promissory note signed with the firm name of H. C. Gleason & Co. Heard on general demurrer to the defendant's second plea, at the March Term, 1902, Washington County, *Start*, J., presiding. Demurrer sustained *pro forma*, and plea adjudged insufficient. The defendant excepted.

The plea demurred to is as follows: "And for a further plea in this behalf, etc., the defendant says that the plaintiff ought not to have or maintain, etc., because the defendant

says, that after the said several supposed debts and causes of action in said declaration mentioned were contracted and accrued, and before the commencement of this suit by the plaintiff in this behalf, to wit, on the eighteenth day of October, 1898, the said defendant became and was adjudged a bankrupt, in accordance with an Act of Congress entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' at, to wit, Burlington aforesaid, and that the said defendant received his discharge as such bankrupt on, to wit, the first day of May, 1899, from the United States District Court for the district of Vermont, and that the debts were contracted, and the said causes of action,—if any there be— in said declaration mentioned, and each of them, did accrue to the said plaintiff before the said defendant so became a bankrupt as aforesaid, to wit, at Richmond in the county of Chittenden on the eleventh day of June, 1888, and of this the said defendant puts himself on the country."

*Cushman & Sherman* for the defendant.

The plea of bankruptcy is sufficient, at least against a general demurrer.  3 Chitty Pleading, 10 Am. Ed. *956; The Bankruptcy Act 1898, § 21, f; *Downer* v. *Chamberlin,* 21 Vt. 414; *Belnap* v. *Davis,* 21 Vt. 409.

In the reported cases when a discharge in bankruptcy has been pleaded, and the plaintiff claimed that his case was not affected by such discharge, the plaintiff has replied specially.  *Batchelor* v. *Low,* 43 Vt. 662; *Barron* v. *Benedict,* 44 Vt. 518; *Hayes* v. *Nash,* 129 Mass. 62; *Burnside* v. *Brigham,* 8 Met. 75; *Tyrrel* v. *Hammerstein,* 6 Am. B. Rep. 430; *Collins* v. *McWalters,* ibid. 593; Collier on Bankruptcy, 3rd Ed. 212.

*T. J. Deavitt* for the plaintiff.

To constitute a good plea of a discharge in bankruptcy it is necessary to aver that the claim sued on was one *provable* under the Bankruptcy Act, and to have been duly scheduled in time for proof and allowance, or that the creditor had notice, or actual knowledge of the bankruptcy proceedings. *Tyrrel* v. *Hammerstein*, 6 Am. B. Rep. 430; *Collins* v. *McWalters*, ibid. 593; *Clay* v. *Severance*, 55 Vt. 300; *Sackett* v. *Andross*, 5 Hill 327; *Hayes* v. *Flowers*, 25 Miss. 169; Bump on Bankruptcy, 725.

The plea ought to have shown that the Court of Bankruptcy had jurisdiction. *Cutter* v. *Folsom*, 17 N. H. 139; *Wiggins* v. *Shaplugh*, 20 N. H. 444; *Wyman* v. *Mitchell*, 1 Cowens 316; In Re Stokes, 1 Am. B. Rep. 35; *Roosevelt* v. *Kellogg*, 20 Johns. 208.

MUNSON, J. In pleading the judgment of a superior court of general jurisdiction it is not necessary to allege the facts that gave the court jurisdiction of the subject matter or the parties. The judgments of a district court of the United States in bankruptcy proceedings are held by our court to be within this rule. *Downer* v. *Chamberlin*, 21 Vt. 414.

The declaration counts upon a promissory note and money loaned. Such claims are *prima facie* provable. It is not necessary that the defendant allege this fact when it thus appears from the declaration, whatever the rule may be in other cases. "The plea need not allege that the debt was provable where the debt alleged in the declaration is *prima facie* provable." Bump on Bankruptcy, 11 Ed. 724, citing *Cutter* v. *Folsom*, 17 N. H. 139.

The statute excepts from the operation of the discharge certain classes of provable debts. It is not necessary for the defendant to show by his plea that the debt was not within any of these excepted classes. It is for the plaintiff to bring

the debt within some exception by his replication.  We are aware that some courts hold otherwise, but we adopt this rule as more consistent with the established principles of pleading.

The exception relating to debts not scheduled in time for proof and allowance, although included in the list referred to, is a provision of a different character.  This relates to matters essential to the operation of the discharge upon claims of every nature.  To give the discharge effect as to the claim in suit, it must appear, not only that the debt was provable, but that it was duly scheduled by the debtor or that the creditor had knowledge of the proceedings.  It is this which gives the court jurisdiction of the particular creditor, and makes its discharge a discharge from his claim.  The ordinary presumptions of regularity do not touch him, for unless named in the schedule he is unknown to the proceedings.  Unless connected with the proceedings by the schedule or by knowledge of them, there is no discharge as to him.  So in pleading the discharge in bar of his claim there must be an allegation of that which makes the discharge effective against him.

*Judgment affirmed, and cause remanded.*