## IN RE LOUIS E. PETERSON.

October Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 26, 1905.

*Habeas Corpus — Imprisonment — Trover — Judgment for Damages—Certified Execution—Necessary Implication— Discharge in Bankruptcy—Effect on Provable Debt— Burden of Proof.*

A judgment for damages in an action of trover does not necessarily imply that the defendant therein obtained property by false pretences or false representations.

When, on Habeas Corpus, the imprisonment of the relator is justified solely by virtue of a certified execution issued on a judgment against him, the burden is on the judgment creditor to show that said judgment is a liability of a class not affected by a discharge in bankruptcy which was granted the relator, as the result of proceedings under the U. S. Bankruptcy Act, wherein said judgment liability was a provable debt.

On Habeas Corpus, the imprisonment of the relator was justified solely by virtue of a certified execution issued on a judgment against him in an action of trover. Nothing appeared of record to characterize the conversion on which that action was based, beyond what might be inferred from the certificate on the execution showing the judgment of the court that the cause of action "arose from the wilful and malicious act or neglect" of the relator. It appeared that the relator had been granted a discharge in bankruptcy, as the result of proceedings under the U. S. Bankruptcy

Act wherein said judgment liability was a provable debt. *Held,* that the record failed to show that, under said Bankruptcy Act, said judgment debt is a liability of a class not affected by said discharge; and the relator is, therefore, unlawfully imprisoned, and is discharged.

HABEAS CORPUS returnable at Burlington in Chittenden County before *Haselton,* J., and duly adjourned into the Supreme Court at its May Term, 1904; argued at that term; re-argued at the October Term, 1904. The opinion states the facts.

*H. S. Peck* and *W. L. Burnap* for the relator.

The judgment was in an action of trover. The gist of this action is conversion. Conversion is not one of the exceptions mentioned in § 17 of the U. S. Bankruptcy Act, 1898, as amended by the Act of Feb. 5, 1903. Conversion is not a fraud under that Act. Conversion is not obtaining goods by false pretences or false representations. It is held to be a breach of contract and not a violation of a trust. *Hannequin* v. *Clews,* 111 U. S. 676; *In Re Rhutassel,* 2 Am. B. Rep. 697; *Waterman Carriage Co.* v. *Hall,* 7 Am. B. Rep. 716; *In Re John H. Benedict,* 8 Am. B. Rep. 463; *Crosby* v. *Miller, Vaughn & Co.,* 25 R. I. 172.

*Powell & Powell* for Gosselin & Bro., judgment creditors.

This judgment was for obtaining property under false pretences, and so is within the exception of § 17 of the U. S. Bankruptcy Act. The Court may go behind the judgment to ascertain the real nature of the liability. *In Re Leahey,* 58 Vt. 724; *Paterson* v. *Smith,* 72 Vt. 288; *In Re Bullis,* 7 Am. B. Rep. 238; *In Re Rhutassel,* 2 Am. B. Rep. 697; *Packer* v. *Whittier,* 1 Am. B. Rep. 621; 5 Cyc. 402-3, Note 2 and cases cited.

"No purely technical considerations as to the precise form of the action should be regarded." *In Re Lewissohn*, 3 Am. B. Rep. 594.

WATSON, J.  On September 11, 1903, judgment was rendered by the county court against the relator in an action of trover for the sum of $828.71 damages and costs, in favor of Eugene Gosselin and A. P. Gosselin, co-partners.  At the time of rendering this judgment the court considered, ordered, and adjudged that the cause of action arose from the wilful and malicious act or neglect of the relator, and that he ought to be confined in close jail, a certificate whereof was stated upon the alias execution issued upon said judgment as hereinafter stated.  See V. S. 1751.  The relator was adjudged a bankrupt by the bankruptcy court February 16, 1904, on his own petition dated the preceding day.  February 19th he was arrested on a close jail execution issued on the above named judgment and committed to the county jail. Three days later he was released from jail by order of the court of bankruptcy pending the proceedings therein.  On April 16th he was granted a discharge in bankruptcy, releasing him from all of his provable debts, except such as were not affected thereby under the provisions of section 17 of the Bankruptcy Act of 1898 as amended by the Act of 1903. April 12th,—four days before the discharge was granted,—the relator was arrested on an alias execution issued on the same judgment in favor of the Gosselins, and again committed to the county jail, and it is from this imprisonment that he seeks a release by these proceedings.

One ground upon which the relator claims the right to such release is that his discharge in bankruptcy released him from the liability evidenced by the judgment rendered in the action of trover.  No claim is made but that the conversion be-

came a fixed liability by the judgment, and that as such it was a provable debt under the bankrupt law. But the judgment creditors contend that this liability comes within clause (2) of section 17a of that law, and that therefore it is not affected by the discharge. By that section a discharge releases a bankrupt from all of his provable debts, except such as (2) are liabilities for obtaining property by false pretences or false representations, etc.

A judgment for damages in an action of trover does not in itself carry with it the implication of obtaining property by false pretences or false representations. Indeed, it does not necessarily even import an acquisition of property, for wrongful detention after one has become lawfully possessed of property in the first instance, may constitute a conversion. There is nothing before us which characterizes the conversion in question in this regard, beyond what may be inferred from the certificate on the alias execution showing the judgment of the court that the cause of action "arose from the wilful and malicious act or neglect" of the relator, and of this the legal effect most favorable to the relator must be given, for the burden is on the judgment creditors to show that their debt is within one of the classes not affected by the discharge. *Bailey's Admx.* v. *Gleason,* 76 Vt. 115, 56 Atl. 537. Thus construing it, the record falls short of showing that the property converted was obtained by false pretences or false representations. Such an adjudication may be made in an action of trover where the lawful possession of the property is in the one who converts it to his own use by an unauthorized sale, while the general or a special ownership is in another. See *Watson* v. *Goodno,* 66 Vt. 229, 28 Atl. 987.

Since it does not appear that the debt is a liability of an excepted class, the relator was released therefrom by his discharge in bankruptcy.

*It is adjudged that the relator is unlawfully imprisoned, and he is discharged.*