CHARLES D. HOLMES *vs.* WILLIS W. DARLING & others.

Suffolk. December 5, 1912. — January 27, 1913.

Present: HAMMOND, LORING, BRALEY, & DeCOURCY, JJ.

*Partnership. Equity Jurisdiction,* Accounting between partners.

In a suit in equity between partners for an accounting, it appeared that the plaintiff and the defendant were engaged in buying, selling and distributing the product of a mineral spring company under a contract between that company and the defendant and his assigns providing for an exclusive agency during a period of ten years, that the defendant had assigned to the plaintiff a one half interest in such contract of agency, that the partnership agreement between the plaintiff and the defendant was for a period of ten years beginning and ending two weeks later than the contract with the mineral spring company, that, when the partnership had existed for about two years, the defendant secretly procured from the mineral spring company an extension of the contract of agency for himself individually for a further period of five years after the expiration of the ten year contract then in force, and that, when the plaintiff discovered the existence of the new contract, he insisted that it was an extension of the contract then in force and was a partnership asset. *Held,* that the defendant in secretly procuring the new contract of agency for himself alone violated his duty toward the plaintiff as his partner, and that the plaintiff was entitled to an accounting upon the new contract.

The general rule here was applied, that a partner will not be permitted to obtain for himself profits from carrying on a separate business of the same nature as

that of the partnership, but must account to his copartners for such profits and for all benefits derived from transactions concerning partnership interests and property.

BILL IN EQUITY, inserted in a common law writ of the Superior Court dated August 9, 1910, for an accounting as to the business and affairs of a partnership between the principal defendant, Willis W. Darling, and the plaintiff under articles of copartnership dated March 2, 1903.

The case was referred to Burton Payne Gray, Esquire, as master. Later the case was heard by *Pierce,* J., upon the defendants' exceptions to the master's report and supplemental report. The facts found by the master are stated in the opinion. The judge made an interlocutory decree overruling the defendants' exceptions and confirming the reports. The judge found and ruled as matter of law that the plaintiff was entitled to an accounting upon both branches of the case, namely: upon the new contract of agency beginning March 1, 1913, and upon the "wine and whiskey accounts," so called; and, being of the opinion that this order ought to be determined by this court before any further proceedings in the Superior Court, the judge, at the request of the parties, reported the case for determination by this court of the questions arising under the order.

*F. M. Forbush,* (*J. W. Morton* with him,) for the plaintiff.

*G. K. Bartlett,* for the defendants.

DECOURCY, J. The defendants' exceptions to the master's report have not been argued and, except so far as they are involved in the questions discussed in this opinion, we treat them as waived. The first question arising on the report is as to the correctness of the finding and ruling of the judge of the Superior Court that the plaintiff is entitled to an accounting upon the new contract of agency for fifteen years beginning March 1, 1913.

The plaintiff and the principal defendant became equal partners on March 2, 1903, for the term of ten years. The partnership was engaged in buying, selling and distributing the products of the White Rock Mineral Spring Company, under an agreement whereby the Spring Company gave to the principal defendant and his assigns the exclusive agency for its lithia water in the states of Maine, New Hampshire, Vermont and Massachusetts for the term of ten years from February 14, 1903. The principal

defendant assigned to the plaintiff an undivided half interest in this agreement so that it should be held as a partnership asset; and the only other contribution to the new firm of Darling and Holmes was the sum of $2,000 advanced by the plaintiff. It did not appear that the company would have refused to make the contract run to Darling and Holmes if it had been asked to do so. The active management of the business was in the hands of the principal defendant, assisted by his daughter and son.

In the absence of the evidence we must assume the following findings of the master to be established. Soon after the formation of the copartnership the relations between the partners became strained. As early as August, 1903, the principal defendant began a secret correspondence with the president of the company seeking to secure for himself individually a new contract of agency, to commence after the termination of the existing one. Statements were made in the letters tending to prejudice the president against the plaintiff. An offer by the company to extend the agency contract for a period of five years was shown to the plaintiff by the principal defendant, and subsequently was returned with a declination of the offer, and no notice of the declination was given to the plaintiff. This secret correspondence was carried on for about two years, and as a result the principal defendant finally induced the president of the company to execute to him individually the new contract of agency in question, when the existing contract had almost eight years to run. The principal defendant did not make known this transaction until some time later, and then the plaintiff insisted that the new contract amounted to an extension of the existing one and was a copartnership asset.

Partnership is a relation of trust and confidence, and the law imposes upon each partner the duty of exercising toward his co-partner the utmost integrity and good faith in all partnership affairs. In transactions concerning the interests of the firm he must consider their mutual welfare rather than his own private benefit. If the principal defendant was unwilling to continue in business with the plaintiff after the expiration of their copartnership agreement, he should at least have notified him of that fact, and have given him an equal opportunity to obtain an agency agreement at the expiration of the existing one. The value of the new agreement would depend largely upon the efforts of the part-

nership during the unexpired eight years of the old one; and during that period the principal defendant could not secretly secure for himself any private advantage such as obtaining a new lease of the premises in which the partnership business was transacted, or a new contract of agency which was the very basis and chief asset of their mutual enterprise. Any such advantage he holds in trust for the firm and he must account to his associate for the benefit received therefrom. *Leach* v. *Leach,* 18 Pick. 68. *Mitchell* v. *Read,* 84 N. Y. 556. We find no error in the action of the trial judge in finding and ruling that the plaintiff is entitled to an accounting upon the new contract of agency.

The judge also found and ruled that the plaintiff was entitled to an accounting upon the "wine and whiskey accounts," so called. The basis for such action is the report of the master, who found that the principal defendant conducted the wine and whiskey business from the office of Darling and Holmes; that he and his son, an employee of the firm, took orders for the same both at the office and on the road while selling White Rock Water; that the wine and whiskey business was contemplated under article one of the copartnership articles, and that the plaintiff has always claimed an interest in such accounts. In view of these findings of fact the case comes within the general rule that a partner will not be permitted to obtain for himself profits arising from carrying on a separate business of the same nature as that of the firm, or from transactions concerning firm interests or property, but must account to his copartner for the benefits derived therefrom.

*Decree affirmed.*