IN RE RALPH GROUT.

November Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed November 27, 1914.

*Habeas Corpus—Bankruptcy—Discharge—Debts Discharged—
Burden of Proof — Default — Judgment — Effect — Torts
—Liability for Intent.*

In a habeas corpus proceeding by a bankrupt execution debtor, the execution creditor has the burden of showing that his claim is not barred by the debtor's discharge in bankruptcy; and where the nature of that claim appears only from the allegations of the creditor's declaration, that pleading should be given the construction most favorable to the bankrupt.

In a habeas corpus proceeding, where it appeared that relator was arrested on executions issued on default judgments rendered against him in two suits, one by a husband and wife and the other by the wife, but each for the damages resulting from the same personal injury to the wife, and the declaration in the one suit alleged that relator "with force and arms" assaulted the wife, and charged that, while she was walking on the sidewalk with due care, he recklessly, carelessly, and negligently ran into her, and the declaration in the other suit was substantially the same, except that the averments of assault were omitted, and there was no certificate in either case that the cause of action arose from the wilful or malicious act or neglect of relator, both judgments were barred by relator's discharge in bankruptcy, as neither declaration showed that the wrong was intentional or malicious, the charge of assault and recklessness not denoting more than negligent violence.

A party charged with trespass by carelessly, recklessly, and negligently running into one on a sidewalk does not, by suffering a default judgment, admit that he was guilty of malice or of intent to injure.

Trespass is the proper remedy for assault, where the injury is the direct result of a force put in motion by defendant owing to his negligence.

One may be liable in a civil action for direct violence to the person of another, regardless of whether there was malice or intent to injure.

HABEAS CORPUS, Windham County, September Term, 1913, *Miles*, J., presiding. Heard on an agreed statement of facts. The court held that the relator's discharge in bankruptcy was a bar to both of the judgments in question, and ordered him discharged. The execution creditors excepted. The opinion states the case.

*Chase & Chase*, and *W. R. Daley* for execution creditors.

The words "wilful and malicious," as used in the bankruptcy act, mean intentional, or with a wanton disregard for the rights of others. *Mullin* v. *Flanders*, 73 Vt. 95; *Judd* v. *Ballard*, 66 Vt. 668; *Hill* v. *Cox*, 54 Vt. 627; *McChristal* v. *Clisbee*, 190 Mass. 120. The word "recklessly" means "with a wanton disregard of all consequences." See 34 Cyc. 534 and cases there cited.

The words "carelessly and negligently" have a well defined meaning.

"Negligently" means wrongfully. *Pickens* v. *Coal River Boom & Timber Co.*, 90 Am. St. Rep. 819, 2 Cyc. 434; *State* v. *Barnard*, 88 N. C. 691; *Leicester* v. *Hoadley*, 9 Am. Bankruptcy Rep. 318; *In re Maples*, 105 Fed. 919; *In re Frecke*, 109 Fed. 620; *Colwell* v. *Tinker*, 6 Am. Bankruptcy Rep. 434, 193 U. S. 473.

*Hermon E. Eddy* for the relator.

MUNSON, J. These exceptions are from an order made by the county court in habeas corpus proceedings, discharging the relator from arrest on two executions; one in favor of Charles F. Nason and Lilla M. Nason, his wife, the other in favor of Charles F. Nason. These executions were issued on judgments rendered on default in actions brought against the relator for a personal injury sustained by Lilla M. Nason. The declaration in the first suit is styled an action of trespass, commences with an allegation that the defendant assaulted the said Lilla M. Nason, and

charges in substance that while she was walking with due care and prudence on a sidewalk in a public street the defendant recklessly, carelessly and negligently ran into the said Lilla M. Nason and knocked her down. The declaration in the second suit is in case; and the charging allegation is the same as in the first, omitting the opening averment that the defendant "assaulted" the wife.

The executions issued on the 25th day of November, 1912; and on the same day the relator was adjudged a bankrupt in voluntary proceedings, and obtained a stay of execution until he should apply for his discharge and his application be acted upon. The judgments were included in the debtor's schedule of liabilities, and the plaintiffs received due notice of all the proceedings in bankruptcy, but did not present their claims before the referee, nor appear in any of the proceedings except in opposition to the petition for a stay of execution.

The question presented is whether these judgments are within the clause of the bankrupt act which excepts from the operation of a discharge liabilities for wilful and malicious injuries to the person or property of another. The only facts in the case characterizing the wrong complained of are those set forth in the declarations. There is no certificate in either case that the cause of action arose from the wilful or malicious act or neglect of the defendant, and no statement of any evidence, if any was taken. The question is to be disposed of upon what appears in the declarations; and the allegations of the declarations are to be given the construction most favorable to the relator; for the burden is on the judgment creditor to show that the debt is within the exception. *Bailey* v. *Gleason*, 76 Vt. 115, 56 Atl. 537; *In re Peterson*, 77 Vt. 226, 59 Atl. 828.

The fact that the first declaration is trespass in form and charges the wrong as an assault is not controlling. The characterization of an act as a trespass carries no implication of intent or malice. And trespass is a proper remedy for an assault where the injury is the direct result of a force put in motion by the defendant, even though the force was put in motion through negligence. *Howard* v. *Tyler*, 46 Vt. 683; *Judd* v. *Ballard*, 66 Vt. 668, 30 Atl. 96. The fair construction of the allegation in the first declaration is that the defendant assaulted the plaintiff wife by negligently running into her.

Moreover, the allegations of date, location and description in the two declarations are identical, and evidently relate to one occurrence; and the same wrong cannot have been, in fact, a malicious act as to one claim and mere negligence as to the other.

These declarations allege that the defendant recklessly, carelessly and negligently ran into the plaintiff wife and knocked her down. There is no allegation that this was done intentionally, wilfully, or maliciously. There is nothing in the nature of the violence alleged that indicates intention or malice. There is no allegation of accompanying language characterizing the act as malicious. The addition of the word "recklessly" to the terms more commonly used does not change the nature of the allegation. The characterization of the defendant's act is doubtless intensified, but it still remains a charge of negligence. In suffering a default, the defendant conceded nothing beyond this, and nothing more can be implied from the judgment. One can be liable in a civil action for direct violence to the person of another without there having been malice, or intention to injure, or an intention to do the act which caused the injury. *Judd* v. *Ballard*, 66 Vt. 668, 30 Atl. 96.

*Judgment affirmed.*

Powers, C. J., dissenting. I agree that the judgment in favor of Nason, alone, was discharged. The declaration there was for negligence, and not upon a claim for "wilful and malicious" injuries. But that the claim covered by the judgment in favor of Nason and wife is of the same character, as shown by the declaration, I cannot agree. The declaration in the case is for an assault and battery, which is not affected by a discharge in bankruptcy. *McChristal* v. *Clisbee,* 190 Mass. 120, 76 N. E. 511, 3 L. R. A. (N. S.) 702, 5 Ann. Cas. 769. That the declaration is denominated a count in trespass is to be considered, though not controlling, I admit. That it contains the characteristic expressions "with force and arms," "assault," and "against the peace" is of more importance. If the pleader had merely charged that the defendant, with force and arms, assaulted Mrs. Nason, and knocked her down while she was walking on the public sidewalk, without more, there would have

been small chance of the defendant's escaping the consequences of his wrongdoing through the bankruptcy court. But the pleader goes on to show how the assault was committed,—by "recklessly, carelessly and negligently" running into her. So the effect of these words upon the charge of assault is for determination.

I may as well say at the outset, that the word "wilful" in the bankruptcy act means nothing more than "intentional." *McChristal* v. *Clisbee, supra; Buchanan* v. *Cook,* 70 Vt. 168, 40 Atl. 102; *Flanders* v. *Mullin,* 80 Vt. 124, 66 Atl. 789, 12 Ann. Cas. 1010; *Tinker* v. *Colwell,* 193 U. S. 473, 48 L. ed. 754, 24 Sup. Ct. 505. And the word "malicious" therein does not mean express malice, and does not require proof of special malice; but the malice implied in a wrongful act, done intentionally, and without cause or excuse, is sufficient. *Tinker* v. *Colwell, supra.* I am not unmindful of the fact that this Court in *Flanders* v. *Mullin, supra,* said that it found no satisfactory ground upon which to give this broader meaning to the word malicious "as used in the present bankrupt act, although the possibility of this is suggested in *Tinker* v. *Colwell.*" As I read the latter case, however, it is full authority for the position I have taken on the meaning of the word "malicious"; and this is the view of it taken in *McChristal* v. *Clisbee, supra,* and *Kavanaugh* v. *McIntyre,* 128 App. Div. 722, 112 N. Y. Supp. 987.

It follows that all that is necessary here is to have it appear that the act charged was done intentionally, for the character of the act was such that it was necessarily wrongful and without cause or excuse.

In order to make a wrongful act intentional in the eye of the law, it is not necessary to show that the wrongdoer had a direct mental purpose to injure. It is enough if the act is done with an utter disregard of consequences. So while the words "carelessly and negligently" in the declaration under discussion do not imply intention to harm, the term "recklessly" may do so.

The word recklessly is used in various senses. It may mean no more than negligently, though it indicates a high degree of negligence. It may mean more. Its meaning is to be determined by the words with which it is associated. It may mean wantonly and intentionally. When, as here, it is connected with

words charging in apt terms an assault, it signifies a conscious disregard of another's rights, and is the legal equivalent of wilful misconduct and intentional wrong. *Highland Ave. & B. R. Co.* v. *Robinson,* 125 Ala. 483, 28 South. 28. Characterizing an act by which a person is injured as reckless, is frequently equivalent to characterizing it as wilful. *Picket* v. *So. Ry. Co.,* (S. C.) 48 S. E. 466; *Proctor* v. *R. R.* (S. C.) 39 S. E. 351; *Cole* v. *Blue Ridge Ry. Co.,* (S. C.) 55 S. E. 126. It was said in *Lear* v. *U. S.,* 147 Fed. 359, 77 C. C. A. 527, a case involving the question whether the president of a bank had wilfully misapplied funds, that a reckless act is always regarded as the equivalent of a wilful one. In *Gustafson* v. *C. R. I. & P. Ry. Co.,* 128 Fed. 85, it was held that the term recklessly as used therein was tantamount to a charge of a wanton disregard of all consequences. In *Cin. Ind. St. L. & C. R. Co.* v. *Cooper,* (Ind.) 22 N. E. 340, 6 L. R. A. 241, 16 Am. St. Rep. 334, a charge that it was not necessary to show an actual intent to do a particular injury in order to establish an allegation of wilfulness, but that it was enough if the jury found that the act complained of was of such a character as to evince an utter disregard of consequences, was approved on the ground that recklessness amounting to such disregard supplies the place of a specific intent to injure. To the same effect are *Chicago, R. I. & P. Ry. Co.* v. *Lacy,* (Kan.) 97 Pac. 1025; *Lake Erie & W. R. Co.* v. *Brafford,* 15 Ind. App. 662, 43 N. E. 882, 44 N. E. 551; *So. R. Co.* v. *McNeeley,* 44 Ind. App. 134, 88 N. E. 710, 714.

It is said by the majority that the act complained of in one of these actions cannot differ in quality from that complained of in the other, since it is apparent that both are for the same act. This is true, of course, but this is no reason why the pleader must set them up in both actions in the same form. He might well say that he would bring one in trespass and the other in case. The sufficiency of this declaration is not in question; it is purely a question of its classification.

The bankruptcy act is to be liberally construed in favor of the honest debtor; but there is neither reason nor justice in extending its protection to one who, as here, admits by his default that he is guilty of such an assault as is charged in the declaration herein considered.

*The petitioner should be remanded to his former custody under the execution in favor of husband and wife.*

TAYLOR, J., joins in this dissent.