## E. H. MASON *v.* GEORGE SAULT.

### May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 7, 1919.

*Exceptions Not Briefed Waived—Right to Go to Jury After Motion for Verdict—Verdict Directed When No Conflicting Evidence—Chattel Mortgages—General Title in Mortgagee —Possession of Mortgagor Permissive—Sale by Mortgagor in Possession —Close Jail Certificate—Malicious Injury to Personal Property—Discharge in Bankruptcy.*

An exception to the overruling of a motion for a directed verdict is waived by not being briefed.

Merely moving for a directed verdict in his favor is not a waiver of a party's right, if such he has, to have the case submitted to the jury.

Where both parties moved for a directed verdict at the close of plaintiff's evidence, and there was no conflict in the evidence nor any dispute as to the facts which made a *prima facie* case for the plaintiff, there was nothing for the jury, and a verdict for the plaintiff was properly directed.

A mortgage of personal property operates as an absolute sale by the mortgagor to the mortgagee subject to the right to redeem according to the terms of the contract, and passes the general title to the property to the mortgagee.

The possession of mortgaged personal property by the mortgagor is permissive and not a matter of right.

A mortgagor in possession of mortgaged personal property has no better right to sell the same and appropriate the proceeds of the sale to his own use than he has to so dispose of any other of the mortgagee's property that may come into his possession permissively.

The disposal of another's property without his knowledge or consent, done intentionally in disregard of what one knows to be his duty, to the other's injury, is a wilful and malicious injury to property within the meaning of section 17 (2) of the Bankruptcy Act.

Where mortgaged personal property is sold by the mortgagor in possession, the mortgagee is not obliged to follow the property, but

can pursue his remedy against the mortgagor for damages for the conversion.

Where a mortgagor in possession of mortgaged personal property sold the same and appropriated the proceeds of the sale to his own use without the consent or knowledge of the mortgagor, in an action by the mortgagee against the mortgagor for the conversion of the property, the court was justified in certifying that the cause of action "arose from a wilful and malicious injury done by the defendant to the personal property of the plaintiff."

A conversion of property may be committed in such circumstances as to be barred by a discharge in bankruptcy.

ACTION OF TORT for the conversion of a mare. Plea, the general issue. Trial by jury at the December Term, 1918, Orange County, *Stanton*, J., presiding. At the close of plaintiff's evidence both parties moved for a directed verdict, and the Court directed the jury to return a verdict for the plaintiff. Judgment on the verdict. The defendant excepted. The opinion states the case.

*H. H. Blanchard, H. G. Tupper*, and *Chas. Batchelder* for the defendant.

*March M. Wilson* for the plaintiff.

TAYLOR, J. The action is trover for the conversion of a mare. The trial was by jury resulting in a directed verdict for the plaintiff, and the defendant brings exceptions.

The plaintiff introduced evidence tending to show that the defendant executed and delivered to him a mortgage of the mare in question to secure the payment of a promissory note of even date therewith; that the mortgage was duly recorded; that the mare was, at the time the mortgage was executed, in the defendant's possession, and so remained until some ten months later, when, without leave or knowledge of the plaintiff, the defendant sold her at public sale to a person residing at Montpelier, Vermont, receiving and retaining the purchase price. It was in evidence that the plaintiff had not demanded possession of the mare of the defendant. The defendant introduced no evidence, but rested at the close of the plaintiff's evidence, and moved the court for a directed verdict on the ground that there was no

evidence of a demand by the plaintiff. While the defendant's motion was pending, the plaintiff moved that a verdict be directed in his favor, whereupon the court directed the jury to return a verdict for the plaintiff. The defendant was allowed exceptions, both to the overruling of his motion and to the granting of the plaintiff's motion.

The defendant waives the exception to the overruling of his motion for a directed verdict by not briefing it. Nor does he contend in his brief that the evidence did not make a case for the plaintiff. His sole claim under the latter exception is that it is for the court to direct such a verdict as in its judgment the evidence requires only when it affirmatively appears that neither party wishes to go to the jury, and that he did not waive his right thereto by moving for a directed verdict in his favor.

The mere fact that a party moves the court to direct a verdict in his favor does not amount to a waiver of the right, if such he has, to have the case submitted to the jury. Such a motion is in the nature of a demurrer to the evidence of the adverse party and challenges his right to go to the jury; but the moving party does not thereby concede that the case should be taken from the jury and submitted to the court on the evidence. *Seaver* v. *Lang,* 92 Vt. 501, 510, 104 Atl. 877. The province of the court on such a motion is pointed out in *Bass* v. *Rublee,* 76 Vt. 395, 400, 57 Atl. 965. It does not follow, however, that the court erred in directing a verdict for the plaintiff. In stating his claim the defendant overlooks an important prerequisite to the right to go to the jury. If there is no conflict in the evidence nor any dispute as to the facts, there is nothing for the jury. The only questions to be determined upon the evidence are then questions of law, which can be determined only by the court. *St. Johnsbury* v. *Thompson,* 59 Vt. 300, 311, 9 Atl. 571, 59 Am. Rep. 731. The evidence tended to support the complaint and admittedly made a *prima facie* case for the plaintiff. The defendant offered no evidence, so there was no issue of fact to be determined by the jury, and it was the plain duty of the court on motion to direct a verdict for the plaintiff.

On motion by the plaintiff at the time of rendering judgment, and solely upon consideration of the evidence introduced on the trial, the court found and certified as follows: "It is found and adjudged from the evidence in this case that the cause of action in said case arose from a wilful and malicious injury

·done by the defendant to the personal property of the plaintiff, and that said defendant ought to be confined in close jail." The ·defendant was allowed an exception to this ·certificate, and now ·contends that the evidence did not justify such a finding. The finding was evidently phrased with a view to its effect upon a possible discharge in bankruptcy. The question for decision then depends upon the proper construction to be given the provisions of the Bankruptcy Act excepting certain provable debts from the operation of such a discharge. *Wellman* v. *Mead,* 93 Vt. 322, 107 Atl. 396, 404. See also *Larrow* v. *Martell,* 92 Vt. 435, 104 Atl. 826.

The act declares that a discharge in bankruptcy "shall release a bankrupt from all his provable debts, except such as · * * * are liabilities * * * for wilful and malicious injuries to the person or property of another." The mare in question was the property of the plaintiff in contemplation of this exception. It does not appear whether or not the condition of the mortgage had been broken, but at least the general title was in the plaintiff. The mortgage operated as an absolute sale by the defendant to the plaintiff subject to the right to redeem according to the terms of the contract. *Mower* v. *McCarthy,* 79 Vt. 142, 148, 64 Atl. 578, 7 L. R. A. (N. S.) 418, 118 Am. St. Rep. 942. It passed the general property to the plaintiff; and if the condition of the mortgage should not be duly performed, the whole title would then vest absolutely at law in the plaintiff, subject to the defendant's right in equity to redeem. *Thompson* v. *Fairbanks,* 75 Vt. 361, 370, 56 Atl. 11, 104 Am. St. Rep. 899; *Wood* v. *Dudley,* 8 Vt. 430. His possession, even, was permissive and not a matter of right. *McLoud* v. *Wakefield,* 70 Vt. 558, 43 Atl. 179. It follows that he had no better right to sell the animal and appropriate the proceeds of the sale to his own use than he would have had to thus dispose of any other of plaintiff's property that might come into his possession permissively. It remains to consider whether the unauthorized sale of the mare, in the circumstances disclosed in the evidence, was "a wilful and malicious injury" thereto within the meaning of the Bankruptcy Act.

Prior to the pronouncement by the Supreme Court of the United States in *McIntyre* v. *Kavanaugh,* 242 U. S. 138, 61 L. ed. 205, 37 Sup. Ct. 38, there was a conflict respecting this matter in the decisions of the inferior courts. But that case has clarified the situation and renders the holdings of other courts to the

contrary of no force as precedents. That was a case in error to the Court of Appeals of New York. Plaintiff in error was a member of a firm engaged in business as brokers. The partnership received certain stock certificates owned by the defendant in error to hold as security for his indebtedness, amounting to less than one-sixth of their market value. Within a few weeks, without authority and without his knowledge, they sold the stocks and appropriated the avails to their own use. Shortly thereafter both the firm and its members were adjudged bankrupts. After his discharge in bankruptcy suit was instituted against the plaintiff in error for the wrongful conversion of the stock. He relied upon such discharge in bar of the action. The trial court held that the liability was for wilful and malicious injury to property, and expressly excluded from release by the provision of the Bankruptcy Act here in question. A judgment for damages was affirmed by the Appellate Division and, in turn, by the Court of Appeals. The case was argued in the Supreme Court in May, 1915, and reargued in October, 1916. In an opinion affirming the judgment below without dissent the Court, speaking through Mr. Justice McReynolds, said: ''To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words.'' The Court disposes of the argument that Congress did not intend the words in question to include conversion by saying: ''We can find no sufficient reason for such a narrow construction. And instead of subserving the fundamental purposes of the statute, it would rather tend to bring about unfortunate if not irrational results. Why, for example, should a bankrupt who had stolen a watch escape payment of damages, but remain obligated for one maliciously broken?'' The Court reaffirmed the definition of a wilful and malicious injury within the meaning of the exception previously given in Tinker v. Colwell, 193 U. S. 473, 48 L. ed. 754, 24 Sup. Ct. 505 (as to which see Wellman v. Mead, supra), and held that the conversion of the stock in the circumstances disclosed was sufficient to show a wilful and malicious injury to property for which the plaintiff in error remained liable to respond in damages notwithstanding his discharge in bankruptcy. This authoritative holding was forecasted by Mr. Loveland in his work on Bankruptcy wherein it is said: ''An ordinary liability in trover

for conversion is barred by the discharge, but may not be barred when based on malice or fraud." 2 Loveland on Bk. 1365.

Some of the cases hold that for a conversion to be within the exception it must amount to larceny. But such is not the holding in *McIntyre* v. *Kavanaugh.* The rule fairly deducible therefrom is that the disposal of another's property without his knowledge or consent, done intentionally in disregard of what one knows to be his duty, to the other's injury, is a wilful and malicious injury to property within the meaning of the Bankruptcy Act. See *Covington* v. *Rosenbuch,* 148 Ga. 459, 97 S. E. 78. It is said that the plaintiff's rights were in no way affected by the sale; that he could follow the property in the hands of third parties, either by foreclosure or by a proper action. But that his rights were invaded by the sale, is too evident to admit of controversy. He was not obliged to follow the security converted by the defendant, if perchance it happened to be within his reach, but could pursue his remedy against him for damages for the conversion, which implies the injury contemplated. See *Smith* v. *Turner,* 141 Ga. 313, 80 S. E. 993, 32 Am. B. R. 679.

*Bank* v. *Bamforth,* 90 Vt. 75, 96 Atl. 600, relied upon by the defendant, did not involve the question presented here. It was there pointed out that the exception to the operation of a discharge in bankruptcy now under consideration did not apply, as the money received by the defendant for the recovery of which the plaintiff sued was neither paid nor received as the property of the plaintiff. It was held that it was only in an equitable sense that the bank had any interest therein.

It may properly be noticed in passing that a conversion of property may be committed in such circumstances as to be barred by a discharge in bankruptcy. But a simple conversion and a conversion which shows design or willingness to inflict a wrong upon another, or the reckless disregard of the other's rights, are entirely different in character. *Kavanaugh* v. *McIntyre,* 128 App. Div. 722, 112 N. Y. Supp. 987.

We hold that the evidence before the court was sufficient to support the finding excepted to.

*Judgment affirmed.*