C. A. SMITH *v.* GEORGE LADRIE.

January Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 6, 1925.

*Bankruptcy—Burden of Proving "Wilful and Malicious Injury," to Plaintiff's Property When Relied on to Defeat Plea of Bankruptcy—Class of Conversion Necessary to Render Person Liable Notwithstanding Discharge in Bankruptcy—Whether Facts Found Show Wilful and Malicious Injury to Property, Question of Law—When Discharge in Bankruptcy Does Not Affect Liability for Conversion—Sales—Facts Held Not Waiver of Seller's Title and Rights Under Consignment Contract—Motion for Certified Execution in Supreme Court—Close-Jail Execution.*

1. In action of tort for conversion of flour, shipped under consignment contract, whereby the title was to remain in plaintiff and flour was not to be used until paid for, where defendant pleaded his discharge in bankruptcy as a bar, plaintiff had burden of proving that defendant's alleged conversion amounted to a "wilful and malicious injury" within the meaning of Bankruptcy Act, § 17 (2), U. S. Comp. Stat., § 9601.

2. In such action, fact that defendant has converted plaintiff's property is not, alone, enough to save the claim therefor from a discharge in bankruptcy.

3. Where a conversion is the result of a deliberate and intentional disregard of another's legal rights, it is a wilful and malicious injury to latter's property within meaning of Bankruptcy Act, § 17 (2), U. S. Comp. Stat., § 9601.

4. Where facts concerning an alleged conversion are found by lower court, question whether they show wilful and malicious injury to property, so as to bring the case within the exception made in Bankruptcy Act, § 17 (2)—U. S. Comp. Stat., § 9601—is one of law.

5. In action of trover for conversion of flour, shipped under a consignment contract, whereby title was to remain in seller and flour was not to be used until paid for, where facts show that defendant deliberately and knowingly appropriated the plaintiff's property without the latter's knowledge or consent,' defendant's subsequent discharge in bankruptcy does not affect plaintiff's claim.

6. Where flour was shipped to buyer under such a contract, fact that seller, after learning that buyer had converted some of it, refrained from taking flour still remaining in buyer's hands, on latter's promise to pay the amount he was in arrear, was not a waiver by seller of his title or rights.

7. In action of tort, where defendant prevailed below, but on exceptions judgment was reversed and rendered for plaintiff in Supreme Court, motion for certified execution was properly made to Supreme Court, being plaintiff's first opportunity to move for such an execution.

8. In action of tort for conversion, where cause of action arose from the wilful and malicious acts of defendant, plaintiff is entitled to a close-jail execution under G. L. 2384.

ACTION OF TORT for conversion. Plea, not guilty and defendant's discharge in bankruptcy. Trial by Caledonia County municipal court, *Harry Blodgett*, Judge. Judgment for defendant. The plaintiff excepted. The opinion states the case. *Reversed, and judgment for plaintiff*.

*Samuel E. Richardson* for the plaintiff.

*Shields & Conant* for the defendant.

POWERS, J.  The plaintiff furnished the defendant with flour for use in his bakery business under a consignment contract by the terms of which title to the flour remained in the plaintiff, and the defendant was required to pay for it before he used it. The defendant used 18 barrels of this flour without paying for it.  Shortly after, he went into bankruptcy, scheduled this claim as a liability, and in due course was discharged.  The plaintiff did not prove his claim or take any part in the bankruptcy proceedings.  He brought this tort action in the form of trover, and the defendant answered his discharge as a bar.  The trial below was in the Caledonia County municipal court, and the defendant had judgment on facts found by the court.  The plaintiff excepted.

[1-3]  The claim is barred by the discharge unless the defendant's use of the flour amounted to a "wilful and malicious injury" to the plaintiff's property, within the meaning of section 17 (2) of the national Bankruptcy Act (U. S. Comp. St., § 9601).  On this question, the plaintiff has the burden of proof. *Bailey's Admx.* v. *Gleason,* 76 Vt. 115, 56 Atl. 537; *In re Peterson,* 77 Vt. 226, 59 Atl. 828; *In re Grout,* 88 Vt. 318, 92 Atl. 646; Ann. Cas. 1917A, 210.  It may be admitted that the fact that a defendant has converted a plaintiff's property is not, alone, enough to save the claim therefor from a discharge in bankruptcy. *In re Ennis & Stoppani,* 171 Fed. 755, 22 Am. B. R. 679; *Mason* v. *Sault,* 93 Vt. 412, 108 Atl. 267, 18 A. S. R. 1426.  But when the conversion is the result of a deliberate and intentional disregard of another's legal rights, it is a wilful and malicious injury to his property.  It is wilful, because it is voluntary (Webster's New Internat. Dict.); and it is malicious, because it is intentional. *In re Cote,* 93 Vt. 10, 106 Atl. 519; *Wellman* v. *Mead,* 93 Vt. 322, 107 Atl. 396; *Tinker* v. *Colwell,* 193 U. S. 473, 48 L. ed. 754, 24 Sup. Ct. 505.

[4, 5]  If the question before us was a question of fact depending upon an inference to be drawn from facts found, in support of the judgment, we should have to assume that the inference was drawn below in defendant's favor.  This would accord with our time-honored rule.  But the facts being found, the question here presented is one of law.  This sufficiently appears from *Tinker* v. *Colwell, supra,* wherein Mr. Justice Peckham says that the averment that the judgment there in question was not recovered for a wilful and malicious injury to

the person or property of the plaintiff was "a mere conclusion of law and not an averment of fact." So the question is, Do the facts found, when considered with reference to their legal effect, bring the case within the exception made in the Act? The record admits of one construction only: The defendant deliberately and knowingly appropriated the plaintiff's property without the latter's knowledge or consent; therefore, the discharge in bankruptcy does not bar the plaintiff's claim. *McIntyre* v. *Kavanaugh,* 242 U. S. 138, 61 L. ed. 205, 37 Sup. Ct. 38; *In re Cote,* 93 Vt. 10, 106 Atl. 519; *Wellman* v. *Mead,* 93 Vt. 322, 107 Atl. 396; *Mason* v. *Sault,* 93 Vt. 412, 108 Atl. 267, 18 A. L. R. 1426; *Baker* v. *Bryant Fertilizer Co.,* (C. C. A.) 271 Fed. 473; *In re Stenger* (D. C.) 283 Fed. 419; *Heaphy* v. *Kerr,* 232 N. Y. 526, 134 N. E. 557; *Schwen* v. *Kerr,* 232 N. Y. 527, 134 N. E. 557; *Clair* v. *Colmes et al.,* 245 Mass. 281, 139 N. E. 519. See, also, *Darling* v. *Woodward,* 54 Vt. 101.

[6] Nor are the plaintiff's rights prejudiced by what took place at the interview with the defendant set forth in the findings. There was then some of the flour on hand, and the plaintiff refrained from taking it, relying upon the defendant's promise to pay up the amount he was in arrear. This was not a waiver of the plaintiff's title or of his rights; it was a mere delay granted on the defendant's promise.

[7, 8] The plaintiff asks for a certified execution. The judgment below being against the plaintiff, this is his first opportunity to move for such an execution, and the motion is properly made to this Court. *Darling* v. *Woodward,* 54 Vt. 101; *Oben* v. *Adams,* 89 Vt. 158, 94 Atl. 506. From what we have already said, it necessarily follows that the cause of action arose from the wilful and malicious acts of the defendant, within the meaning of G. L. 2384, and that the plaintiff is entitled to a close-jail execution—and we so find and determine.

*Judgment reversed, and judgment for the plaintiff for $181.43, with interest thereon from May 20, 1924, and costs. Let a certified execution issue.*