HAROLD J. LYON *v.* C. B. PRESCOTT.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed October 6, 1931.

*Stanley L. Chamberlin* for the defendant.

*March M. Wilson* for the receiver.

*Ernest E. Goodrich* for the plaintiff.

POWERS, C. J.    These parties were formerly partners in the automobile business.    The partnership was dissolved on February 5, 1930, and trouble having arisen over the settlement of its affairs, Lyon brought an equity suit to secure the appointment of a receiver and to liquidate the partnership.    Prescott filed a cross-bill alleging that Lyon had received and converted money and property belonging to the firm, which, he insisted, should be accounted for.    A receiver was duly appointed, the facts were found by the chancellor, and a final decree was rendered, from which the receiver and Prescott filed appeals.

It is found that after the dissolution, and on the 1st, 10th, and 15th days of May, 1930, Lyon collected and appropriated to his own use sums aggregating $827.33 which belonged to the firm. The receiver demanded this money of Lyon but it was not paid over. All the debts of the partnership—except a balance due Prescott—together with the expenses of the receivership have been paid. A small balance left in the receiver's hands was decreed to Prescott to apply on his claim, which had been presented to and allowed by the chancellor. The findings do not show how this claim accrued, but it is alleged in the cross-bill that it arose from loans made to the firm. On September 14, 1930, Lyon was adjudged a bankrupt, and in due time he was discharged.

The first question for consideration is: Was the claim against Lyon cut off by the discharge in bankruptcy?

On this question, the burden of proof was on the appellants who assert its exemption. *Smith* v. *Ladrie,* 98 Vt. 429, 431, 129 Atl. 302. We may assume at the outset that if this claim survived the bankruptcy proceedings, it would be available, in equity, to the receiver as representative of the court, though he could not sue at law upon it for lack of the legal title, *Murtey* v. *Allen,* 71 Vt. 377, 381, 45 Atl. 752, 76 A. S. R. 779; *Underhill* v. *Rutland Railroad Co.,* 90 Vt. 462, 467, 98 Atl. 1017. It was his duty to resort to any of the assets of the partnership, and to all of them, tangible or intangible, if necessary, until they were realized on or the creditors were satisfied. So if there remains a claim against Lyon that can be realized on in these proceedings, the receiver can collect it and apply its avails to the liquidation of Prescott's claim.

We need not pause to inquire whether this claim would survive as a misappropriation of a fiduciary under section 17, of the Bankruptcy Act (11 U. S. C. A., § 35), for it is plain enough that it is saved by the provision of that section exempting debts which are "liabilities * * * * for the wilful and malicious injury to the * * * * property" of another. Within the meaning of this provision, the money which Lyon misappropriated was the property of the firm and not his own. It appears that he converted these funds deliberately. Neither Prescott nor the receiver consented to or ratified the misappropriation. It was wilful and malicious, as expressly found. No justification or excuse is indicated. It was a "wrongful act

done intentionally, without just cause or excuse.'' So it was unaffected by the discharge. *Wellman* v. *Mead,* 93 Vt. 322, 339, 107 Atl. 396; *Mason* v. *Sault,* 93 Vt. 412, 416, 108 Atl. 267, 18 A. L. R. 1426; *Smith* v. *Ladrie,* 98 Vt. 429, 431, 129 Atl. 302, and cases cited.

But it does not necessarily follow that the court could grant the relief sought by the appellants. The parties were in equity, and while the court of chancery has the power, in proper cases, to enforce its decrees by execution against the body (G. L. 1556), it has no power to issue a certified execution, *Fenton* v. *Duckworth,* 131 App. Div. 291, 115 N. Y. S. 686, unless such power is conferred by statute. It is provided by G. L. 2385, that, in specified circumstances, a certified execution may be granted in an action for the recovery of money or property held in trust or in a fiduciary capacity. There is nothing in this statute that makes the form of action or the court before which it is pending vital to the question of its application. While no case is brought to our attention wherein the court of chancery has exercised the jurisdiction by granting such an execution, we have no hesitation in holding that it has that power. G. L. 2385 originated in No. 26, Acts of 1853. It was therein provided that ''in any action hereafter tried in any court in this state,'' etc. This form of statement was carried into G. S. Ch. 121, § 24. But in R. L. 1503 the provision assumed the form in which it appears in G. L. 2385. We find nothing in this change indicating any intention to limit or restrict the jurisdiction conferred in the original enactment, and we hold that the court of chancery is clothed with it. That the relationship between partners is highly fiduciary in character is beyond question. *Fuller* v. *Pierce,* 92 Fla. 129, 109 So. 238, 252; *Holmes* v. *Darling,* 213 Mass. 303, 100 N. E. 611, 612; *Nelson* v. *Matsch,* 38 Utah, 122, 110 Pac. 865, Ann. Cas. 1912D, 1242, 1244; *Holmes* v. *Gilman,* 138 N. Y. 369, 34 N. E. 205, 206, 20 L. R. A. 566, 34 A. S. R. 463. And this character of the relationship continues until the affairs of the partnership are fully settled and closed. *Shelly* v. *Smith* (Mass.), 170 N. E. 826, 832. The partners stand as trustees for each other. *Hawkes* v. *First Nat. Bank,* 264 Mass. 538, 163 N. E. 246, 248. Each stands like a trustee in respect to his dealings with the assets of the firm, and as a *cestui que* trust in respect of the dealings of his partners with the same. *Goldsmith* v. *Eichold,*

94 Ala. 116, 10 So. 80, 33 A. S. R. 97. While they may not be in a strict and technical sense of the term, trustees of each other, their relations are so fiduciary as to give rise to the same remedies in behalf of a defrauded partner as would, in like circumstances, be available to a technical *cestui que* trust against his trustee. *Holmes* v. *Gilman, supra.*

██ ██ Whether or not in such cases one is entitled to a certified execution is usually a question of fact and not reviewable if sustained by evidence, *Wellmen* v. *Mead,* 93 Vt. 322, 338, 107 Atl. 396, but where the facts appear of record, it is a question of law. *Styles* v. *Shanks,* 46 Vt. 612, 616. It is so here.

██ It is to be observed that the chancellor did not adjudge that Lyon ought to be confined in close jail. Under G. L. 2384, providing for close jail execution in actions of tort, it is held that such an adjudication is necessary, *Pitkin* v. *Munsell,* 90 Vt. 268, 269, 97 Atl. 657. But by G. L. 2385, it is provided that, if the court finds, as, in effect, it did here, that the misappropriation was intentional, it *shall* adjudge that the defendant ought to be confined in close jail. In such a case, the court has no discretion in the matter, and the injured party is entitled to a close jail execution as a legal right. *Styles* v. *Shanks, supra.* The case before us is governed by this rule.

*Decree reversed, and cause remanded. Let a decree be entered in accordance with the views herein expressed.*