## ELLEN PARKER v. ALEX. C. COUTURE.

### Evidence. Indecent assault.

1.  In an action for an indecent assault and battery upon a girl eight years old, the plaintiff may show that, she having escaped and taken refuge with her sister, the defendant pursued her and made an indecent assault upon the sister, exposing his person in the presence of both.

2.  The defendant denied being in the plaintiff's house, where the alleged assault was made, at that time, and gave evidence tending to show that he was at his own house the entire day. *Held*, that the plaintiff might show that the defendant had been prosecuted for an assault upon her sister at the time and place of the alleged assault upon herself, and plead guilty to that charge.

Trespass for an indecent assault and battery. Plea, the general issue. Trial by jury at the April term, 1890, Taft, J., presiding. Verdict and judgment for the defendant.

The plaintiff excepts.

The case appears in the opinion.

*J. A. Brown*, for the plaintiff.

Proof of the former conviction of an assault and battery upon the sister was admissible. It rebutted defendant's claim that he was in his own house the entire day. 1 Greenl. Ev. 604 and note 1.

*A. G. Whittemore* and *Henry Ballard*, for the defendant.

The opinion of the court was delivered by

START, J. The plaintiff's evidence tended to show that she was eight years of age; that on the 24th day of December, 1888, she and her sister, Josephine, were in the kitchen at their

home; that their aged grandmother was in an adjoining room; that the defendant came into the kitchen under a pretence of going into the cellar to use a grindstone. At this stage of the evidence the plaintiff offered to show, that soon after the defendant so entered into the kitchen, he closed the door leading into the adjoining room, and then made an indecent assault upon her by putting his hand under her clothes and upon her private parts; that she escaped from him and sought refuge behind her sister, who was at the time kneading bread; that the defendant pursued her and made an indecent assault upon her sister by putting his hand into her bosom and upon her person, and at the same time exposing his person to both of them; that the sister, by use of force, calling for help, and threats of exposure, caused the defendant to abandon his assault upon her; that the defendant then seized hold of the plaintiff and forcibly led her down cellar; that she called to her sister for help, and the sister went down cellar and found the defendant holding the plaintiff between his legs and trying to have sexual intercourse with her; that the sister rescued the plaintiff and placed her in front of herself and sought to return to the kitchen; that the defendant tried to prevent their doing so by seizing hold of the sister's legs and pulling her back. The court excluded that part of the evidence offered that related to the assault upon the sister in the kitchen and upon the cellar stairs, while she was trying to return to the kitchen with the plaintiff. In passing upon the admissibility of this evidence, it is to be assumed that the plaintiff would have proved all the facts stated in her offer. This evidence, if it had been admitted, would have shown a continuous assault upon the plaintff, and it was not rendered inadmissible because it would also show an assault upon the sister. The plaintiff had a right to have this evidence considered by the jury.

With this proof before the jury, they would have been justified in finding that the plaintiff, by the acts of the defendant, was in fear of great bodily harm from the beginning to the end

Parker *v.* Couture.

of the affray. There was no time when it could be said, as a matter of law, that the defendant's acts were so far disconnected from the plaintiff and directed toward the sister as to remove all fear of immediate bodily harm.

Any invasion of the plaintiff's right to absolute security against violence to her person was unlawful; and, if the defendant exposed his person to her in such a manner as to indicate a purpose to violate her person and to justly put her in fear that he would do so, he was guilty of an assault upon her; and such exposure, accompanied by acts indicating such a purpose, would constitute an actionable injury to her. *Alexander* v. *Blodgett*, 44 Vt. 476.

The acts of the defendant which were excluded from the consideration of the jury tended to show the purpose and design of the defendant in making and continuing the assault upon the plaintiff, and the acts were such as would be likely to put her in fear of bodily injury; and it was error to exclude this evidence from the consideration of the jury.

The defendant denied being in the house on the occasion when the plaintiff claimed she was assaulted, and gave evidence tending to show that he was in his own house, near by, the whole of that day. To rebut this claim, the plaintiff offered to show that the defendant was prosecuted for an assault upon her sister, at the time and place of the assault upon herself, and that the defendant plead guilty to this charge. The court excluded this evidence. The plaintiff had a right to meet this claim of the defendant's, by his admission that he made an assault upon the sister at the time and place when and where she claimed to have been assaulted; and the fact that such admission was in a court of justice, and the same was made a matter of record, and thereby rendered more certain than an admission made out of court, did not render the evidence inadmissible, and the court should have permitted the plaintiff to show, by evidence legal in its character, that the defendant did plead guilty to the charge thus made.

*The judgment reversed and cause is remanded.*