OPINION OF THE COURT
Con. G. Cholakis, J.
Plaintiffs sue to recover for damages allegedly sustained as a result of the negligence of the defendant in his capacity as a dentist. In their complaint, plaintiffs set forth the amount of damages to which they deem themselves entitled.
Defendant’s answer contains an affirmative defense alleging *974 that the complaint fails to comply with CPLR 3017 (subd [c]) which prohibits a plaintiff from stating the amount of damages to which he deems himself entitled in a medical malpractice action. It is the defendant’s position that, should he be liable, his responsibility rests on his deviation from the standard of care and expertise which a dentist is held to, therefore medical malpractice.
Plaintiffs on the other hand, allege that a dentist’s malpractice is not medical malpractice as that term is used in CPLR 3017 (subd [c]), and move to strike defendant’s affirmative defense.
It is well settled that a member of any of the professions can be guilty of malpractice and subject to suit. The issue to be here decided is whether a dentist’s malpractice is medical malpractice so that he comes within the protection of CPLR 3017 (subd [c]). A reading of that section and subdivision fails to reveal a legislative definition of the word "medical” and the court is not aware of any cases defining it.
In the construction and interpretation of statutes, words of ordinary import are to be given their usual and commonly understood meaning, unless it is plain from the statute that a different meaning is intended (McKinney’s Cons Laws of NY, Book 1, Statutes, § 232).
Webster’s New Collegiate Dictionary (1977) defines medical as follows: (1) "of, relating to, or concerned with physicians or the practice of medicine”; (2) "requiring or devoted to medical treatment”.
The primary definition of the word "medical” refers to physicians and the practice of medicine. The definition of the practice of medicine (Education Law, § 6521) and the definition of the practice of dentistry (Education Law, § 6601) are amazingly similar. The practice of dentistry is limited to the human mouth while the practice of medicine involves the entire human body. However, the practice of medicine and use of the title "physician” is limited to those having a degree of doctor of medicine or doctor of osteopathy (Eduction Law, §§ 6522, 6524).
It seems, therefore, that the practice of dentistry does not come within the usual and ordinary meaning of the word "medical” and the defendant is not protected by CPLR 3017 (subd [c]).
However, the matter should not end without further *975 inquiry. While the words of a statute must be given their usual and commonly understood meaning, we must ascertain and give effect to the intention of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92).
CPLR 3017 (subd [c]) was enacted into law by section 10 of chapter 955 of the Laws of 1976. A reading of all the sections of that chapter discloses that the Legislature was concerned with protecting insurance availability for physicians and hospitals, allowing a second surgical opinion before surgery is performed and changing certain trial procedures in medical malpractice lawsuits, including the section involved herein.
Furthermore, sections 2, 3 and 4 of that law amended sections 682, 683 and 687 of the Insurance Law of New York State. Each of these sections is within article 19 of the Insurance Law which is entitled "Medical Malpractice Insurance Association”. That article is concerned with providing medical malpractice insurance.
Section 681 of the Insurance Law, also found within article 19, defines medical malpractice insurances as meaning "insurance against legal liability of the insured * * * arising out of the death or injury of any person due to medical or hospital malpractice by any licensed physician or hospital” (emphasis supplied).
It appears that the Legislature intended to pass legislation to protect physicians and hospitals by chapter 955 of the Laws of 1976 and not dentists.
In Governor Carey’s message of approval on July 26, 1976, he said that chapter 955 was the result of the recommendations of the McGill Commission which he had appointed to study medical malpractice problems.
The McGill Commission, properly entitled the "Special Advisory Panel on Medical Malpractice”, was formed following the crises created by high medical malpractice insurance premiums and by the unavailability of medical malpractice insurance.
In its report, the panel defined "medical malpractice” (p 33). "The common law definition of medical malpractice in use in New York since 1898 provides that a physician or surgeon can be held liable for damages resulting from his failure to exercise the degree of reasonable and ordinary care, diligence, and skill in the diagnosis and treatment of his patient that is *976 ordinarily possessed and exercised by physicians engaged in the same line of practice during the same period of time. Medical malpractice may consist of negligence in doing some act which such a reasonable physician would not have done under the same circumstances or of a failure to do something which such a physician would have done.” (Emphasis supplied.)
It is clear that the panel’s work and its recommendations did not deal with dentists and their problems.
This court must therefore find that both by the usual and common understanding of the word "medical” and by the intent of the Legislature dentists do not come within the protection of CPLR 3017 (subd [c]).
Plaintiffs’ motion is granted.