OPINION OF THE COURT
Martin Rodell, J.
This action founded in podiatry malpractice was commenced by service of a summons and verified complaint. The said complaint includes an ad damnum clause containing a demand for judgment against the defendant in the sum of $500,000 together with the costs and disbursements of the action.
The defendant, contending that said ad damnum clause is violative of CPLR 3017 (subd [c]), moves to strike the complaint.
Said section states as follows: "In an action for medical malpractice the complaint, counterclaim, cross-claim, inter-pleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled. If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds *233 the jurisdictional limits of all lower courts which would otherwise have jurisdiction. Provided, however, that a party against whom an action for medical malpractice is brought may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request. In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served. A supplemental demand served pursuant to this subdivision shall be treated in all respects as a demand made pursuant to subdivision (a) of this section.”
The issue is whether a suit alleging malpractice by a podiatrist is in fact a medical malpractice action, and thus subject to the limits of CPLR 3017 (subd [c]).
There appears to be no definition of "medical malpractice” contained within the CPLR. However subdivision 2 of section 681 of the Insurance Law contains the following: " 'Medical malpractice insurance’ means insurance against legal liability of the insured, and against loss, damage, or expense incident to a claim of such liability arising out of death or injury of any person due to medical or hospital malpractice by any licensed physician or hospital.”
Section 7001 of the Education Law defines the practice of podiatry as follows: "The practice of the profession of podiatry is defined as diagnosing, treating, operating and prescribing for any disease, injury, deformity or other condition of the foot or operating on the bones, muscles or tendons of the feet for the correction of minor deficiencies and deformities of a mechanical and functional nature. The practice of podiatry includes treating simple and uncomplicated fractures of the bones of the foot; administering only local anesthetics for therapeutic purposes as well as for anesthesia; treating under general anesthesia administered by authorized persons; using nonnarcotic postoperative sedatives; but not treating any other part of the human body nor treating fractures of the malleoli or cutting operations upon the malleoli. A podiatrist licensed to practice podiatry, only after certification by the education department of the state of New York, in accordance with qualifications established by the commissioner, shall have the right to administer or prescribe narcotics.”
Section 6521 of the Education Law defines the practice of medicine as follows: "The practice of the profession of medi *234 cine is defined as diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.”
Subdivision 1 of section 148-a of the Judiciary Law mandates the establishment of a medical malpractice panel to facilitate the disposition of medical malpractice cases. Subdivision 1-a of section 148-a of the Judiciary Law additionally creates the establishment of "separate panels for podiatrists” for the same purpose.
Thus it is apparent that our Legislature through its enactment of various statutes had made it clear that the practice of podiatry is separate and distinct from the practice of medicine. It must, therefore, logically follow that an action founded upon the alleged malpractice of a podiatrist is not an action for medical malpractice, and thus the provisions of CPLR 3017 (subd [c]) are not applicable to the instant case.
Accordingly the motion is denied.