OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an action stemming from the allegedly unauthorized circumcision of the infant plaintiff by the defendants. There are four causes of action, alleging (1) that the circumcision was done without consent of the infant’s parents; (2) that the defendants negligently failed to adhere to standards of good and accepted medical practice in allowing the circumcision to be performed without the parents’ consent; and (3) and (4) derivative causes of action by each parent. Specific ad damnum clauses are appended to each cause of action except the second.
The motions before the court are to preclude the plaintiff for failure to serve a bill of particulars, and to compel the plaintiff to serve an amended complaint removing the specific ad damnum clauses.
Disposing of the first motion, the plaintiffs shall be precluded from offering evidence on any issue as to which particulars have been demanded unless they serve a bill within 10 days from the date of service on them of a copy of this memorandum and order.
*882 As to the second motion, defendant demands the excision of the monetary ad damnum clauses on the grounds that this action is one for medical malpractice, and that such specific demands are improper. (CPLR 3017, subd [c].) Plaintiff resists, claiming that the causes of action involved are outside the scope of the rule. Neither side cites any case law, and the court has been unable to find any directly on point.
While the CPLR contains several provisions such as 3017 (subd [c]), which treat “medical malpractice” claims differently from other actions, it unfortunately fails to define that term. It has been suggested that subdivision 2 of section 681 of the Insurance Law is a likely point of reference for such a definition. (Siegel, 1975 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR 3403, p 17.) That section, however, merely defines “[mjedical malpractice insurance”, in circular fashion, as that insurance which covers liability due to medical or hospital malpractice by a physician or hospital. This is no help.[1]
The first cause of action alleges not just the lack of informed consent, but the lack of any consent whatever.. Plaintiff asks the court to regard this as an action for battery, not medical malpractice. While at one time this view of the tort was the rule (Schloendorff v Society of N. Y. Hosp., 211 NY 125) it is no longer tenable. Battery involves the intentional infliction of harm. The differences between that and the typical informed consent case, where the doctor has acted in good faith with what he considered the patient’s best interests in mind, are just too great. It is now clear that, for most purposes of analysis, operating on a patient without that patient’s informed consent is to be considered simply as a type or form of medical malpractice. (Murriello v Crapotta, 51 AD2d 381; Dries v Gregor, 72 AD2d 231.)
The court must interpret the language of CPLR 3017 (subd [c]) in such a manner as to give effect to the evident intent of the Legislature, looking not only at the narrow *883 section involved, but also to the entirety of the enactment of which it was a part (Rankin v Shanker, 23 NY2d 111). This section was enacted in 1976, as part of a package of amendments which had as its aim the limitation of medical malpractice actions. (L 1976, ch 955.) A similar, even more extensive package had been enacted the year before. (L 1975, ch 109.) One of the sections in the 1975 package was section 2805-d of the Public Health Law. That section defines “lack of informed consent,” limits the cases to which the theory applies, and sets forth certain defenses to an action based on it. Throughout, the section speaks of “action[s] * * * for medical malpractice based on a lack of informed consent.” So does another section of the 1975 package, CPLR 4401-a.[2] These statutes clearly regard “informed consent” actions as a subspecies of medical malpractice actions in general.
In Murriello v Crapotta (51 AD2d 381, 384, supra) the court held that an “informed consent” action was an action in medical malpractice to which the malpractice Statute of Limitations, then three years, applied. The court noted in passing that both CPLR 4401-a and section 2805-d of the Public Health Law treated informed consent actions “as in the realm” of malpractice actions.
The 1976 package, which included CPLR 3017 (subd [c]), included no sections concerning “informed consent” actions, and so there is no strictly contemporaneous legislation from which the legislative intent can be divined. Nevertheless, it is readily apparent that as to both packages, the Legislature intended the term “medical malpractice” to have its broad and colloquial meaning, including all tort actions which arise from the treatment of patients by physicians or hospitals, including “informed consent” and “no consent” actions.
The court now holds, therefore, that CPLR 3017 (subd [c]) is applicable to the first cause" of action. As to the derivative causes of action, the court agrees with the holding in Pizzingrilli v Von Kessel (100 Misc 2d 1062) that where the principal causes of action are within the ambit of *884 CPLR 3017 (subd [c]), the derivative causes of action must lie within it as well. The purpose of this section is to prevent a plaintiff from impressing a jury by reading the ad damnum clause to them. To prevent this on the principal causes of action while allowing it on the derivative causes would be pointless.
Accordingly, plaintiff is directed to serve an amended complaint within 20 days from the service upon him of a copy of this decision and order. The amended complaint shall not include demands for specific amounts of monetary relief.

. No help in the context of this case, that is. The section has proved useful in differentiating from medical malpractice the malpractice of dentists (Donohue v Martin, 97 Misc 2d 973) and podiatrists (McGinness v Rosen, 99 Misc 2d 232).

. This section compels dismissal of “any cause of action for medical malpractice based solely on lack of informed consent” where the plaintiff fails to present an expert on the issue of sufficiency of the consent.