OPINION OF THE COURT
Arthur D. Spatt, J.
In an action for “dental malpractice” where a hospital is joined as codefendant, is plaintiff subject to the ad damnum restrictions of CPLR 3017 (subd [c]) or may he state the amount of damages claimed in the complaint?
BACKGROUND
This is a motion by defendant Brunswick Hospital Center, Inc. (Hospital) for an order, pursuant to CPLR 3024, directing plaintiffs to serve an amended complaint which conforms to the statutory requirements of CPLR 3017 (subd [c]).
Plaintiffs state that the summons and complaint were served on the defendant Hospital on JVIay 28, 1981 and on July 6, 1981, at the time of the making of this motion, the defendant Hospital had not answered and was in default. In addition, plaintiffs contend that this is a case concerning a dentist (actually an oral surgeon) who used the facilities of the Hospital and, for that reason, does not come within the purview of CPLR 3017 (subd [c]).
*609 While defendant Hospital does not dispute the facts as to service upon it, the Hospital’s attorney states that a stipulation extending the time of the Hospital to “appear, answer or otherwise move” to July 6, 1981, was forwarded to plaintiffs’ attorney on June 5, 1981. Although the stipulation was never signed by plaintiffs’ counsel, defendant Hospital contends that “plaintiffs’ counsel was fully aware of our request and consented thereto”. This statement was not refuted by plaintiffs’ counsel. That being so, this motion was made by plaintiffs within the period stipulated to by plaintiffs’ counsel.
Reaching the merits, defendant Hospital contends that the complaint alleges a deviation “from accepted medical standards of medical practice” and should be governed by the provisions of CPLR 3017 (subd [c]). It states that despite the “dental malpractice” thrust of the complaint, the allegations against the Hospital “constitute a claim of medical malpractice”. Further, the Hospital states that the determination here goes beyond the motion, and that it “will have a great effect in determining whether or not defendant Hospital is entitled to a Medical Malpractice Panel in the instant litigation”.
The issue in chief here is highlighted by the statement by counsel for the Hospital that “wherein a complaint alleges negligence against both a dentist and a hospital, we believe that Rule 3017(c) should apply with full force and effect [as] to the allegations made against the hospital”.
CPLR 3017 (subd [c]) provides, in part, as follows: “(c) In an action for medical malpractice *** the complaint *** shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.”
It has been held that the proscriptions set forth in CPLR 3017 (subd [c]) do not apply to a dental malpractice case. (See Donohue v Martin, 97 Misc 2d 973.) Similarly, it has been held that such provisions are not applicable to an action for podiatric malpractice. (See McGinness v Rosen, 99 Misc 2d 232.)
In Donohue v Martin (supra) it was clearly and logically stated that the Legislature, in passing, CPLR 3017 (subd *610 [c]), intended to protect “physicians and hospitals” and not dentists.*
A review of the complaint reveals that in September, 1980, plaintiff consulted defendant Robert H. Berrie, an oral surgeon, “in reference to removal of wisdom teeth”; that plaintiff was confined to Brunswick Hospital under the care of Dr. Berrie; “and the left upper and two left lower wisdom teeth were removed by Dr. Berrie”; that in the course of said extraction the defendants injured the plaintiff’s left lingual nerve. The negligence clause (par seventh) reads as follows:
“seventh: The negligence and the wrongdoing of the defendants consisted of a deviating from accepted medical standards of medical practice in failing to exercise due care during the extraction of the left lower third molar so as to avoid injuring the left lingual nerve.
“b. Causing, permitting and allowing Dr. Berrie to deviate from the accepted standards of practice, injuring the left lingual nerve in the extraction of the left lower third molar.
“c. Failing to obtain the informed consent of the plaintiff as to the risks involved in said operation.
“d. Failing to use due care.”
This is a claim against a dentist who happened to do the dental work at Brunswick Hospital. Only by “boiler plate” conclusory statements is any cause of action pleaded against the Hospital. The thrust of this complaint is against the dentist who, it is alleged, negligently extracted three wisdom teeth and thereby injured a nerve.
It would be unfair to the parties, and thoroughly confusing to the jury, to permit plaintiff to state the amount as against the dentist but not against the Hospital. A single standard must be established. In this case, this court is of the opinion that in a case such as this — which is a dental malpractice case — neither the Hospital nor the dentist should come within the protection of CPLR 3017 (subd [c]).
A caveat is given to the parties. If subsequent pleadings and/or discovery demonstrates that there is a claim for *611 “medical” malpractice on the part of the Hospital, this court would grant the Hospital’s motion and prohibit the plaintiffs from stating the amount sued for in the complaint, both as to the dentist and the Hospital.
Accordingly, the motion by defendant Hospital to direct plaintiffs to serve an amended complaint conforming to the requirements of CPLR 3017 (subd [c]) is denied, without prejudice to renewal before me subsequent to discovery, if, in fact, there is a claim against the Hospital for “medical malpractice” in addition to the claim based on the dentist’s extraction of teeth.

 (See Insurance Law, §§681, 682, 683, 687; Special Advisory Panel on Medical Malpractice [McGill Commission], p 33.)