■ LAURA ROBERTS et al., Respondents, v LAURENCE GROSS, Appellant. — In an action to recover damages for malpractice, defendant, a podiatrist, appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered December 22, 1982, which, *inter alia,* granted plaintiffs' motion to dismiss defendant's affirmative defense based on the two-year, six-month Statute of Limitations for medical malpractice actions. ¶ Order affirmed, with costs. ¶ Relevant to this appeal is the meaning of "medical malpractice" as that term is used in CPLR 214-a which prescribes a two-year, six-month Statute of Limitations for "medical malpractice" actions. ¶ CPLR 214-a was added by chapter 109 of the Laws of 1975, in response to the perceived medical malpractice insurance crisis involving the lack of adequate medical malpractice insurance coverage in the State (see Mem of State Executive Dept., McKinney's Session Laws, 1975, p 1599). The CPLR does not define "medical malpractice"; however, other statutes enacted by chapter 109 do. As outlined in an opinion of the Attorney-General (79 Opns Atty Gen 49, 50, 51), chapter 109 enacted the following legislation: ¶ "However, other statutory provisions enacted by chapter 109 as part of the 'malpractice legislation' do define 'medical malpractice' and specify to whom such provisions are to apply. The Medical Malpractice Insurance Association, composed of all insurers writing personal injury liability insurance in this State, was created by chapter 109 as a non-profit association which is required to provide a market for medical malpractice insurance within this State (Insurance Law, § 682). For this purpose, 'medical malpractice insurance' means insurance against liability arising out of death or injury of any person 'due to medical or hospital malpractice by any licensed physician or hospital' (Insurance Law, § 681 (2)). Moreover, only licensed physicians or hospitals may apply to the Association for coverage (Insurance Law, § 685 (1)). ¶ "A 'medical and hospital malpractice fund' was created within the State Insurance Fund by chapter 109 to provide

personal injury liability insurance for medical and hospital malpractice should the Association cease its underwriting (Workers' Compensation Law, § 76 (2-a) (1)). For this purpose, 'personal injury liability insurance' means insurance against liability arising out of the death or injury of any person 'due to a medical or hospital malpractice by any licensed physician or hospital' (Workers' Compensation Law, § 76 (2-a) (2)). ¶ "In order to improve procedures for the professional discipline of physicians, the State Board for Professional Medical Conduct was created by chapter 109 within the Department of Health to conduct proceedings in connection with the regulation of professional conduct of the profession of medicine (Education Law, § 6500, Public Health Law, § 230). The practice of the profession of medicine is limited to physicians (Education Law, §§ 6521, 6522). However, discipline of the members of the other professions, including dentistry, remains in the Education Department (Education Law, §§ 6500, 6600-6605) * * * ¶ "Since all the statutory provisions discussed above were enacted or amended by the same chapter, i.e., chapter 109, and for the same purpose, i.e., elimination of the malpractice insurance crisis, such statutes are *in pari materia* and must be interpreted and construed together and in light of each other (McKinney's Statutes, § 97; *Baldine v Gomulka,* 61 AD2d 419, 422 [Third Dept, 1978]). Therefore, although neither the Public Health Law nor the CPLR defines 'medical malpractice', it is proper to infer from the general intent of chapter 109 that those statutes * * * apply only to physicians". ¶ For the reasons stated above, we hold that the abbreviated Statute of Limitations for medical malpractice set forth in CPLR 214-a does not apply to a malpractice action against a podiatrist. That section applies to physicians and hospitals only (see, also, *Chodos v Flanzer,* 90 AD2d 838; *Wieland v Walkes,* 117 Misc 2d 277; *Schwartz v Unger,* 108 Misc 2d 456; cf. *Bullara v Brunswick Hosp. Center,* 111 Misc 2d 608; *McGuinness v Rosen,* 99 Misc 2d 232; *Donohue v Martin,* 97 Misc 2d 973). ¶ The question of the constitutionality of CPLR 214-a raised for the first time on appeal and without notice to the Attorney-General, is not properly before this court (see *Matter of Robert T.,* 86 AD2d 748, mot for lv to app dsmd 57 NY2d 777; *Emmer v Emmer,* 69 AD2d 850; *Matter of Gary A.,* 60 AD2d 927; Executive Law, § 71; CPLR 1012). ¶ We have considered defendant's remaining contentions, and find them to be without merit. Accordingly, the order of Special Term is affirmed. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.