**J. Boone Wilson, Guardian Unto Elizabeth Lahue v. Leo Smith**

[477 A.2d 964]

No. 83-019

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 27, 1984

*Richard T. Cassidy* and *J. Boone Wilson* (On the Brief), of *Hoff, Wilson, Powell & Lang, P.C.,* Burlington, for Plaintiff-Appellant.

*Allan T. Fisher* and *James W. Volz* of *Dinse, Allen & Erdmann,* Burlington, for Defendant-Appellee.

**Peck, J.** Plaintiff, J. Boone Wilson, as guardian for Elizabeth Lahue, appeals a directed verdict for defendant by the Chittenden Superior Court.

The court below ruled that intent is an essential element of the tort of assault and battery. Because plaintiff introduced no evidence to carry his burden of proof on the issue of intent, a verdict was directed for defendant. We affirm.

While on business at the Peoples Trust Company bank in St. Albans, defendant was suddenly seized from behind by plaintiff's ward, who began to accost him verbally. While turning to face her, defendant struck her in the face with his elbow. At that time, plaintiff's ward was suffering from multiple sclerosis and paranoid schizophrenia.

The complaint alleged that defendant's conduct constituted an assault and battery resulting in facial injuries to plaintiff's ward and the exacerbation of her afflictions.

Because of the ward's incompetency, she did not testify at trial. In fact, plaintiff offered no evidence to establish the elements of his action, except for his ward's injuries, other than defendant's testimony. Defendant testified as to the nature of his business at the bank and then described the unprovoked incident with plaintiff's ward as follows:

> [She] grabbed me from behind at approximately the fifth teller station down, started screaming and hollering and shaking me. I had my hands full of change. I turned

around quickly to free her, possibly that's when I hit her in the face. And she appeared to be on one knee then, and I continued to go out through the bookkeeping department. The bank called—apparently called the police, had her arrested. . . .

Later in the testimony, defendant repeated this version of the facts, stating that his actions were evasive only and any contact with plaintiff's ward was unintentional.

 Ordinarily, a directed verdict will be viewed in the light most favorable to the nonmoving party, excluding all modifying evidence. *Senesac v. Associates in Obstetrics & Gynecology*, 141 Vt. 311, 312, 449 A.2d 900, 902 (1982). However, in this case there is no modifying evidence. We are left only with defendant's version of the facts which, even when viewed in plaintiff's favor, does not "fairly or reasonably" support a finding of intent. *Id.*

There being no evidence of intent, the court below held that the elements of assault and battery had not been satisfied, and directed a verdict for defendant. Against the weight of nearly all authority, plaintiff urges this Court to adopt the view that intent is not a necessary element of assault and battery. We decline to do so.

With respect to Vermont law, plaintiff cites *Lander v. Seaver*, 32 Vt. 114 (1859), and *In re Grout*, 88 Vt. 318, 92 A. 646 (1914), for the proposition that intent is not an essential element of the torts of assault and battery. Those cases were correctly distinguished by defendant. *Lander, supra,* held only that a teacher could not avoid liability for excessive punishment of a pupil merely because he acted without malice. 32 Vt. at 124. *Grout, supra,* merely recognized that in the absence of intent a defendant's conduct may still be actionable in negligence. 88 Vt. at 321, 92 A. at 647.

 Two cases that escaped either party's attention speak more directly to the issue. This Court has held that "[i]f the party threatening the assault [has] the ability, means, and apparent intention, to carry his threat into execution, it may in law constitute an assault." *Clark v. Downing*, 55 Vt. 259, 262 (1882). Furthermore, this Court has held it

to be error to exclude evidence of acts which tended to show the "purpose and design" of defendant in an action for assault. *Parker* v. *Couture,* 63 Vt. 449, 451, 21 A. 1102, 1102–03 (1891).

■ Though relevant case law is sparse, the history of the intent element in Vermont is consistent with modern law on the subject. Should there be any confusion as to whether intent is an essential element of assault and battery in Vermont, we take this opportunity to resolve all doubt and hold that it is. Assault and battery are almost universally considered intentional torts by the authorities. Prosser on Torts § 7 (4th ed. 1971); 6A C.J.S. *Assault & Battery* § 6; Restatement (Second) of Torts §§ 18, 21 (1965); P. Landon, Pollock's Law of Torts 171 (14th ed. 1939); 3 J. Dooley, Modern Tort Law: Liability & Litigation § 43.02, at 199–200 (1977).

This position is also firmly established in recent decisions by many jurisdictions. *Carson* v. *Polley,* 689 F.2d 562, 573 n.6 (5th Cir. 1982) (applying Texas law); *Albers* v. *Whitley,* 546 F. Supp. 726, 738 (D. Ore. 1982); *Rogers* v. *Loews L'Enfant Plaza Hotel,* 526 F. Supp. 523, 529 (D.D.C. 1981); *Mink* v. *University of Chicago,* 460 F. Supp. 713, 717–18 (N.D. Ill. 1978); *Lay* v. *Kremer,* 411 So. 2d 1347, 1349 (Fla. Dist. Ct. App. 1982); *Parrish* v. *Donahue,* 110 Ill. App. 3d 1081, 1083, 443 N.E.2d 786, 788 (1982); *In re Spring,* 8 Mass. App. 831, 836 n.5, 399 N.E.2d 493, 497 n.5 (1979), *rev'd on other grounds,* 380 Mass. 629, 405 N.E.2d 115 (1980); *Vargas* v. *Rosal-Arcillas,* 108 Misc. 2d 881, 438 N.Y.S.2d 986, 987 (1981).

■ Plaintiff did not allege that defendant's conduct was intentional, nor is there any evidence, based on defendant's testimony alone, to that effect. Since plaintiff failed to meet his burden of producing any evidence that fairly and reasonably supports his claim, *Senesac* v. *Associates in Obstetrics & Gynecology, supra,* at 312, 449 A.2d at 902, the court properly directed a verdict for defendant.

*Affirmed.*