OPINION OF THE COURT
Nicholas A. Clemente, J.
Plaintiff alleges that she was injured due to the malpractice *727 and negligence committed on December 11, 1981, by the defendant, a licensed podiatrist. This action was commenced by service of a summons and complaint on June 5, 1984 and issue was joined on July 13, 1984. Plaintiff asserts at this point that all pretrial proceedings have been completed and moves for a preference pursuant to CPLR 3403 (a) (3) and (5). Those paragraphs provide the following:
"(a) Preferred cases. Civil cases shall be tried in the order in which notes of issue have been filed, but the following shall be entitled to a preference * * *
"3. an action in which the interests of justice will be served by an early trial * * *
"5. an action to recover damages for medical or dental malpractice.”
In support of the motion, plaintiff contends that she is entitled to a special preference for trial and that a date certain should be set for trying this action on the grounds that she is presently destitute and the action involves a claim of medical malpractice.
Defendant in opposing the motion, contends that plaintiff’s action is one for podiatric malpractice, the practice of which is separate and distinct from the practice of medicine and that as such, it is not entitled to a special preference. As to destitution, defendant asserts that plaintiff probably is unemployed because she is 67 years of age and that plaintiff was unemployed even before the time of the December 1981 malpractice alleged here. In fact, he points out that after July 1981 when she suffered a detached retina, she never returned to work. Finally, defendant maintains the motion is premature because plaintiff has failed to file a note of issue and statement of readiness.
Thus, the issues presented by plaintiff’s motion relate to whether podiatry is encompassed in the language of "medical malpractice” as contemplated by CPLR 3403 (a) (5); what the effect of calendar status is on a request for a preference based upon podiatric malpractice, and finally, whether plaintiff, if otherwise entitled, has shown such destitution as to warrant the granting of relief, even if not available in the form requested.
Defendant in arguing for a narrow construction of CPLR 3403 (a) (5) cites McGinness v Rosen (99 Misc 2d 232) which found that the practice of podiatry is separate and distinct from the practice of medicine. Thereby, defendant would have *728 the court conclude that the medical preference provided in CPLR 3403 (a) (5) has no application to the instant case.
It is true that it has been held that the practice of medicine and podiatry are separate and distinct. Roberts v Gross (100 AD2d 540) for instance held that the abbreviated Statute of Limitations provided by CPLR 214-a does not apply to a malpractice action against a podiatrist.
On the other hand, there can be no dispute that in some circumstances, podiatry is treated in the same manner as medical malpractice actions. For example, there is no question that podiatry is a branch of the healing arts that is included in those areas of malpractice that require a panel hearing before a trial may be conducted. In fact, Judiciary Law § 148-a and the court rules as contained in Uniform Rules for New York State Trial Courts and Rules of the Appellate Division, Second Department (22 NYCRR 202.56 [c]; 684.3), clearly deal with medical and podiatric malpractice in terms of panels in almost identical fashion except that there is separate provision for a medical panel and a podiatric panel. Hence, there is no justification to conclude that the provision for a preference provided by CPLR 3403 (a) (5) does not also apply to podiatry (but see, Siegel, Practice Commentaries [1975], McKinney’s Cons Laws of NY, Book 7B, CPLR C3403 [1986 Supplement], p 17).
More significantly, to reach a different conclusion would mean that podiatric malpractice actions would never come to trial. Under the individual assignment system, medical and podiatric malpractice actions are assigned to the same designated parts. If podiatric cases are not treated equivalently with medical cases as far as being given a preference is concerned, that would mean under paragraph (5) that all medical malpractice cases would be preferred over podiatric malpractice cases with the result that podiatric malpractice cases would never come to trial since there would always be a medical malpractice case which would be preferred pursuant to paragraph (5) to the podiatric malpractice case.
In regard to the manner of application for a preference, defendant has raised plaintiff’s failure to file a note of issue as precluding such relief. CPLR 3403 (b) and the Uniform Rules (22 NYCRR 202.24) do apparently contemplate that at least the note of issue should be contemporaneously filed with a motion for a preference. CPLR 3403 (b) provides: "(b) Obtaining preference. Unless the court otherwise orders, notice of a *729 motion for preference shall be served with the note of issue by the party serving the note of issue, or ten days after such service by any other party; or thereafter during the pendency of the action upon the application of a party who reaches the age of seventy years.”
In addition, the note of issue requirement apparently precludes a request for a preference where a malpractice panel is mandated since the Uniform Rules (22 NYCRR 202.56 [d] [2]) provide that a note of issue may not be filed until completion of the panel proceedings.
Since CPLR 3403 (b) sets forth the manner of obtaining a preference "[u]nless the Court otherwise orders” it is readily apparent that in an appropriate circumstance a prenote of issue motion for a preference may be entertained even though the note of issue has not been filed. To hold otherwise would mean that there could never, under the Uniform Rules (22 NYCRR 202.56 [d] [2]), be an application for a preference, prior to the holding of a panel.
The question that emerges, therefore, is whether the court can grant a preference for a panel hearing.
To state the question is to answer it. After all, if a preference is warranted based on a paragraph (3) ground, the court may direct that any action necessary to commence a trial be accomplished. In other words, if plaintiff at bar is entitled to a preference in the interests of justice based on a terminal illness or as claimed here, destitution, CPLR 3403 (a) (3) mandates that a panel hearing be expedited.
An analysis of Doyle v Vashi (122 Misc 2d 899) reveals no conflict. There, the court granted a CPLR 3403 (a) (5) preference but refused to grant any preference insofar as the holding of a panel was concerned. Such determination is consistent with paragraph (5) since it follows that when the basis of the preference is paragraph (5) the action should reach a panel hearing in the regular order with no special preference over those actions already awaiting a panel. After all, every action waiting for a panel hearing is a malpractice action entitled under paragraph (5) to the same preference.
Doyle v Vashi (supra) does not, however, indicate that a malpractice action which seeks a preference based on CPLR 3403 (a) (3), namely, in the interests of justice, cannot be preferred in its scheduling for a panel.
Thus, the issue that finally warrants resolution is whether *730 plaintiff has shown such destitution as to warrant an expedited panel hearing.
It is uncontroverted that plaintiff has not worked since July 1981, when she had eye surgery performed. Hence, for almost a half a year prior to the malpractice alleged at bar, plaintiff has ceased working. It must be borne in mind that where a preference is based on a plaintiffs destitution, it must be shown that the defendant’s negligence is the cause of plaintiffs destitution (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3403 [1986 Supplement], p 16). While plaintiff asserts that she has recovered from her eye condition and would have returned to work but for defendant’s malpractice, the claim of destitution based on such malpractice, is too attenuated and incredible when consideration is given to the prior eye condition, plaintiffs age and the elapse of time from the alleged malpractice to the commencement of the lawsuit. In view of these factors, I conclude that it would be unfair to grant her a preference over other preferred litigants.
In sum, the motion is granted to the extent that the action is given a special preference based upon CPLR 3403 (a) (5) notwithstanding that a note of issue has not been filed. The motion is otherwise denied. Plaintiffs action shall be reached for a panel hearing in its regular order upon the filing of a note of issue and statement of readiness.