Vermont Superior Court
Filed 09/16/25
Essex Unit

VERMONT SUPERIOR COURT
Essex Unit
75 Courthouse Drive
Guildhall VT 05905
802-676-3910
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 30-8-19 Excv

---

| Gilbert vs. Belanger |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion for Partial Summary Judgment (Motion: 3)
Filer:       Daniel D. McCabe
Filed Date:  July 25, 2025

Plaintiff Dominic Gilbert filed this civil action in August 2019 against defendants Joshua Riley and Garrite Belanger. The complaint alleges that Garrite and Dominic were involved in a physical confrontation at a party at Joshua's house, which left Dominic with serious permanent injuries. The claims against Josuha were voluntarily dismissed. The complaint pleads claims against Garrite for assault and battery and negligence.

Garrite was criminally charged based on the incident and ultimately pled guilty in June 2023 to aggravated assault in violation of 13 V.S.A. § 1024(a)(1). This case was stayed pending the outcome of Garrite's criminal case and incarceration.

Dominic now moves for partial summary judgment on the basis that Garrite's guilty plea requires a finding of liability on his assault and battery and negligence claims. Garrite has not opposed the motion.

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hier v. Slate Valley Unified Sch. Dist.*, 2025 VT 2, ¶ 8 (quoting V.R.C.P. 56(a)).

Dominic seeks summary judgment on the basis of collateral estoppel, or issue preclusion. Collateral estoppel bars the subsequent litigation of an issue when the following factors are met:

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*In re M.V.*, 2022 VT 31, ¶ 26, 216 Vt. 491, 504 (quoting *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265 (1990)). These five factors are commonly referred to as the "*Trepanier* factors."

The Vermont Supreme Court has determined "that a guilty plea may have collateral-estoppel effect in subsequent civil proceedings" if the *Trepanier* factors are otherwise met. *Id.,* ¶ 35. In other words, a criminal proceeding that ends in a guilty plea provides the criminal defendant with a full and fair opportunity to litigate the criminal charge to which he pled guilty, thus satisfying the fourth *Trepanier* factor.

The court concludes the other factors here are satisfied here as well with respect to Dominic's claim for assault and battery. Garrite was obviously a party in the criminal prosecution against him, and that case resulted in a final judgment of conviction on the aggravated assault charge.

With respect to whether the issue in the earlier case is the same as the issue here, Garrite pled guilty to a claim of aggravated assault. "A person is guilty of aggravated assault if the person attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 13 V.S.A. 1024(a)(1). To be liable for a civil claim for assault and battery, an individual must intend to cause a harmful or offensive contact with another person, put that person in imminent fear of such contact, and that such contact must actually result. *See, e.g.*, Restatement (Second) Torts §§ 16, 21; *Wilson v. Smith*, 144 Vt. 358 (1984) ("Should there be any confusion as to whether intent is an essential element of assault and battery in Vermont, we take this opportunity to resolve all doubt and hold that it is."). A criminal conviction for aggravated assault—like civil liability for assault and battery—requires proof of specific intent even under the "extreme indifference" standard. *See, e.g.*, *State v. Mott*, No. 2007-111, 2008 WL 2781429, at \*2 (Vt. Apr. 2008) (unpub. three-justice entry order) ("The "extreme indifference" requirement essentially elevates the required mental state for "recklessly" causing serious bodily injury to a level of intentionality equivalent to that of "knowingly" or "purposely" causing such injury under the statute."). The court accordingly concludes the third *Trepanier* factor is satisfied with respect to plaintiff's claim for assault and battery.

The court reaches a different conclusion with respect to plaintiff's claim for negligence. "[O]nce intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently." *Ziming Shen v. City of New York*, 725 F. App'x 7, 16 (2d Cir. 2018). Although the Second Circuit in *Ziming* was discussing New York law, the court believes the same principle applies under Vermont law.

Finally, under the last *Trepanier* factor, the court concludes that applying preclusion in this case is fair because the aggravated assault charge in the criminal case could only be

sustained by proof beyond a reasonable doubt, whereas the civil assault and battery claim in this case need only be proven by a preponderance of the evidence. *See In re M.V.*, 2022 VT 31, ¶ 47. Garrite also knew this case was pending when he pled guilty in the criminal case.

Based on the foregoing analysis, the court concludes that the doctrine of collateral estoppel establishes Garrite's liability on the assault and battery claim in this case. Dominic is accordingly entitled to summary judgment on that claim.

### Order

Plaintiff's motion for summary judgment is GRANTED IN PART.

The clerk shall set the case for a pretrial conference to discuss setting the case for a final hearing on damages.

Electronically signed on: 9/15/2025 pursuant to V.R.E.F. 9(d)

_____

Benjamin D. Battles
Superior Court Judge